# Powers *v.* Harris.

*Trover for Conversion of Lumber used in Construction of Houses.*

| 68 | 409 |
|---|---|
| 116 | 93 |
| 119 | 229 |
| 68 | 409 |
| 121 | 338 |
| 121 | 339 |
| 122 | 578 |

1, *Lumber used in construction of houses ; when a chattel.*—The *prima facie* intendment is, that houses and the lumber out of which they are constructed constitute part of the realty; but where one builds a house on the lands of another with an express agreement between them, that the builder reserves the ownership of the house with the right to use and remove or dispose of it, the house does not become part of the realty, but remains a chattel, and trover can be maintained for the con · version of the lumber used in the construction thereof.

2. *Same; admissibility of evidence* —Where the plaintiff in an action of trover brought against the owner of a tract of land, for the conversion of lumber used in the construction of a house thereon, claims under a sale by the builder of the house, alleged to have been made by the authority and consent of the defendant, a question propounded to the defendant on his own behalf, calling for what he said, and what authority he gave to the builder prior to his sale to the plaintiff about the sale of the lumber in the house, bears on the ownership of the builder, and his right to sell the lumber, and it is error to refuse to permit the question to be answered, although the plaintiff was not present.    •

3. *Same; when owner of land is estopped from denying title.*—Where the plaintiff in an action of trover brought against the owner of lands for the conversion of lumber used in building a house thereon, claimed under a sale by the builder, and before purchasing he inquired of the defendant as to the builder's right to sell, and was informed by him that the builder had authority to sell the lumber, and thereupon he purchased it, this amounts to an estoppel, and, unexplained, vested title in the plaintiff, and will support the action.

APPEAL from Hale Circuit Court.

Tried before Hon. GEO. H. CRAIG.

The appellee brought this action against the appellant, to recover damages for the alleged conversion of certain lumber which was used in the construction of three houses on certain lands belonging to a decedent's estate, on which the appellant was, and had been for several years "the manager and copartner in planting." The complaint contains three

[Powers v. Harris.]

counts, two in trover and one in case. It is not necessary to a report of the cause, that the averments of the special count in case should be set out. On the trial, had upon the plea of the general issue, the evidence tended to show, that one M. G. Kennedy, with the appellant's consent, erected three houses on said lands, which after he had occupied for some time, he sold to the appellee, executing to him a bill of sale therefor; and that Kennedy purchased from the appellant, who owned and operated a saw mill, a portion of the lumber used in the construction of the houses. The evidence on behalf of the appellee tended to show that Kennedy erected three houses, with the understanding and agreement with the appellant, that the houses should remain his property, and that he reserved the right to remove and dispose of the lumber, or the greater part thereof, when he desired to do so; and that the appellee, before purchasing from Kennedy, went to the appellant and inquired of him as to the right of Kennedy to sell the lumber, and was informed by him that Kennedy did have the right and authority to sell the lumber, or a designated part thereof. But the evidence on behalf of the appellant was in conflict with that of the appellee on both these points. The appellant was examined as a witness on his own behalf, and was asked: "What he said to, and what authority he gave to said Kennedy, prior to his sale to plaintiff, about the sale of the lumber in the houses." The appellee objected to this question, on the ground that he was not present at the time inquired about; and the court sustained his objection, refused to allow the appellant to answer the question, and he excepted. The appellee recovered a judgment from which this appeal was sued out.

The ruling of the Circuit Court above noted is one of the errors here assigned.

COLEMAN & SEAY, for appellant.

JAMES E. WEBB, contra.

(No briefs came to the hands of the reporter.)

STONE, J.—When this case was before us at a former term—57 Ala. 139—we said: "Houses, as a general rule, are part of the freehold, and pass or descend with the land. The *prima facie* intendment is that they are part of the realty; and if there be no proof to take the case without the general rule, they are part and parcel of the land, and whoever owns the land owns the houses standing thereon." The

[Powers v. Harris.]

lumber for the conversion of which this action was brought, being part and parcel of a house or houses, and having been employed therein, in their erection, it was incumbent on plaintiff to prove it was but a chattel, and not part of the freehold.—*Meigs' Appeal* , 26 Penn. St. 28 ; *Hill v. Sewald*, 53 Penn. St. 271 ; *Ottumwa, W. M. Co. v. Hawley*, 24 Amer. Rep. 719 ; *Hunt v. B. S. I. Co.* 37 Mass. 279 ; *Holland v. Hodgson*, 7 L. R. Com. Pl. 328 ; Note 1, *Elwes v. Mawe*, 2 Sm. Lead. Cases, (7th Ed.) 200.

This depended on the agreement Kennedy had made with Powers and the authority the latter had given him. It was part of the derivative title Harris set up in this action. Unless it was shown that by the consent and agreement of Powers, Kennedy reserved the ownership of the houses, with the right to use and remove or dispose of them, they were part of the realty, and could not be the foundation of an action of trover. If, however, such was the agreement, then the houses, with the lumber, were but chattels, and trover could be maintained for their conversion. As bearing on the question of Kennedy's power over the houses, and his right to sell them, Powers was asked, " What he said to, and what authority he gave to said Kennedy, prior to his sale to plaintiff, about the sale of the lumber in the houses." The Circuit Court erred in not allowing this question to be answered.

As we understand the case made by this record, plaintiff based his right to recover on two grounds : First, the alleged, original agreement that the houses should remain Kennedy's property, with the right to remove the lumber, or the sawed lumber he had purchased from Powers. The testimony rejected bears on this phase, of the contention. The second ground on which a recovery was claimed, was that before purchasing, Harris inquired of Powers as to Kennedy's right to sell, was informed by him that Kennedy did have authority to sell the lumber, or, some designated part of it, and that thereupon he purchased and paid for it. If this be true, it amounts to an estoppel, and, unexplained, vested title in Harris, to the extent Powers had admitted Kennedy's right to sell. The testimony bearing on each of these issues was in conflict, and it was necessary the jury should pass upon it. We can not know on which issue they founded their verdict, and hence, can not affirm that the exclusion of the evidence noted above did no injury. There are other questions raised in this record, but we do not consider them well taken.

Reversed and remanded.