# Roquemore *v.* Vulcan Iron Works Co.

## *Detinue.*

(Decided July 2nd, 1907.   44 South. 557.)

1.   *Sales; Contracts; Construction.*—Where one party leases another a steam shovel for the payment of a fixed sum, with the agreement that after the payment of a nine month's rental, the party purchasing might acquire title by the payment of ten dollars more; and this shovel being unsatisfactory, the parties entered into another agreement whereby another shovel would be shipped to the other party at a fixed price, part to be paid in cash and the balance by the delivery of the first shovel; the rights of the parties rested entirely on the second contract, and to constitute a delivery of the shovel purchased one answering the description in the agreement must be delivered; and although the title to the first shovel had not passed out of the selling party to the contract, it was in the possession of the purchasing party under an agreement which entitled him to hold it until a shovel of the character described in the second contract was delivered; so the selling party was not entitled to immediate possession of the first shovel and could not recover the same in detinue.

2.   *Same; Action; Evidence.*—In an action to recover for the shovel first delivered it was competent to show whether or not there were defects in the shovel for which it had been traded; such evidence being material as to whether or not plaintiff had complied with its part of the second contract so as to be entitled to possession of the first shovel.

3.   *Trial; Direction of Verdict.*—Where there is a conflict in the evidence as to any material matter it is improper to direct the verdict for either party.

4.   *Evidence; Parol to Vary Writing; Admissibility.*—Although as a general rule parol testimony is inadmissible to vary a writing, yet if it is apparent that the writing does not contain all the stipulations of the parties to the writing, parol testimony becomes admissible to show the entire contract; or if the parties had entered into a collateral parol agreement about the same matter, that may be shown if it does not contradict the writing.

5.   *Contracts; Written Contracts; Modification by Parol.*—A contract not required to be in writing, although it is in writing may be modified or changed by a subsequent parol agreement.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action of detinue by Vulcan Iron Works Company against John D. Roquemore, the facts of which are sufficiently stated in the opinion of the court. From a judgment for plaintiff defendant appeals. Reversed and remanded.

C. H. ROQUEMORE, and STEINER, CRUM & WEIL, for appallant.—In detinue no recovery can be had unless the plaintiff has the right to immediate possession of the property.—*Ryall v. Pearson Bros.,* 41 South. 673. Under the facts in this case plaintiffs were not entitled to the possession of the first shovel sold until it had delivered a second shovel complying with the contract made in reference thereto.

W. H. A. REID, and RUSHTON & COLEMAN, for appellee.—A sale of personal property, when the vendor expressly retains the legal title until the party has paid the purchase price, does not divest the title of the vendor; and upon failure of the vendee to pay the purchase money as stipulated in the contract, the vendor is entitled to retake possession of the property.—*Warren v. Liddell,* 110 Ala. 233; *Thompson v. Lewis,* 103 Ala. 426; *Smith's Case,* 98 Ala. 644; *Fairbanks v. Eureka Co.,* 67 Ala. 109; *Sumner v. Wood,* 67 Ala. 139; *Jones v. Pullen,* 66 Ala. 306; *McCall v. Powell,* 64 Ala. 254. In the consideration or interpretation of all contracts, oral or written, the object of the court is to ascertain, and if possible, to effectuate the intention of the parties so that performance may be enforced according to the sense in which they mutually understood it at the time the contract was made.—*Evanston v. Smith,* 66 Ala. 398; *Mason v. Ala. Iron Co.,* 73 Ala. 270; *Comer v. Bank-*

*head,* 70 Ala. 136; *McPherson v. Harris,* 59 Ala. 620.
The conduct of the parties under a contract, constituting
a practical construction of it given by both parties, is an
important element in the interpretation of contracts
which are ambiguous. Such construction by the parties
not only aids, but sometimes is conclusive in arriving at
a judicial construction.—*Gadsden & Attalla Union Ry.
Co. v. Gadsden Land & Improvement Company,* 128 Ala.
510; *Crass v. Scruggs & Co.,* 115 Ala. 258; *Mason v. Ala.
Iron Co.,* 73 Ala. 370; *Comer v. Bankhead,* 70 Ala. 136;
*Williams v. Glover,* 66 Ala. 189; *Pollard v. Maddox,* 28
Ala. 321. To maintain an action of detinue the plain-
tiff must at the commencement of the suit have a general
or specific interest or title in the property sued for, and
the right to possession.—*Bolton v. Cuthbert,* 132 Ala.
405; *Edmondson v. Silvey & Co.,* 123 Ala. 494.

SIMPSON, J.—This was an action of detinue,
brought by the appelle against the appellant, to recover
one steam shovel, which we will call the "Baby Shovel."
On the 13th day of January, 1905, the instrument in
writing set out in the record was executed, by which the
plaintiff leased the "Baby Shovel" to the defendant for
nine months in consideration of $1,083.35 to be paid in
cash and the remainder to be paid in monthly install-
ments; and the instrument stated that, after the pay-
ment of said monthly rentals in full, the defendant
should have the right to purchase said shovel by the pay
ment of $10, on the payment of which a bill of sale was
to be executed vesting the absolute title in defendant,
with the usual agreement authorizing the lessor to take
possession and terminate the lease on failure to pay rent
as it accrued. There being considerable delay in deliv-
ering this shovel, the plaintiff, when drawing for the
cash payment, deducted $250 by way of compensating

the defendant for the delay. The defendant paid the draft, but notified plaintiff that said amount would not cover his damage. This shovel proved unsatisfactory, and after some correspondence the plaintiff's agent came to Montgomery for the purpose of adjusting the matter, the result of which was the second agreement, shown in the record, by which the plaintiff was to ship to the defendant, on or before March 1, 1906, the "Little Giant Shovel" at the price of $6,250, of which $1,500 was to be paid "in cash upon acceptance of said shovel, and balance by the delivery" of the "Baby Shovel." The agreement provides that if there are any defects, or any changes made necessary, the plaintiff is to have a reasonable time to remedy or change, and that if it should then fail to demonstrate its guarantee it would remove said "Little Giant" and refund any money that had been paid on same. This contract was in the form of a letter from plaintiff, which was accepted by defendant, and its closing clause is as follows, to-wit: "Upon your acceptance of this proposition, it is to be and constitute a mutual cancellation of all obligations between said parties to this date"—December 22, 1906. All of the payments on the "Baby Shovel" would have amounted to $3,250; and the only payment (besides the $300 freight) to be made on it was $833.35, to which was to be added the $1,500; the notes for the other payments being returned to the defendant on the making of the second contract. So it appears that of the $6,250, the price of the "Little Giant," the only payment in money was $2,633.35, leaving $3,616.65 to represent the concession made for damages, or otherwise, at the time of the making of the second agreement. But the "Little Giant" proved unacceptable also, principally by reason of the fact, acknowledged by the plaintiff, that the boiler was smaller than the one specified in the proposition to the

[Roquemore v. Vulcan Iron Works Co.]

defendant; and, the parties not coming to any satisfactory agreement about it, this shovel was removed by the plaintiff and shipped to Cincinnati. It will be noted that the issue in this case is not one of damages, but only whether the plaintiff was entitled to the possession of the "Baby Shovel," so as to be able to recover in the action of detinue. It is evident that under the first contract the title remained in the plaintiff, and the defendant had the right only to retain possession of the property so long as he continued to pay the rentals as they matured, and after paying them all would have been entitled to purchase it by paying $10.

The appellant claims, first, that the result of the agreement, when the second contract was made, was that the damages allowed him paid up the balance of the notes on the "Baby Shovel," so that it became his, and in addition paid a part of the purchase price of the "Little Giant," so that there remained only $1,500 to be paid to make the $6,250 to be paid for the last shovel. That would have been the practical result if the second contract had been carried out; but the contract is entire, and was evidently intended as a settlement of all the controversies between them. There is nothing, either in the written contract or in the evidence, to show that there was a distinct agreement that the amount of damages due the defendant should operate as a payment of the notes on the "Baby Shovel," but only that "the acceptance of this proposition" would "constitute a mutual cancellation of all obligations between the parties." Then the acceptance of that contract canceled the obligatios of the plaintiff to pay damages to the defendant on account of the "Baby Shovel," and canceled the obligation of the defendant to pay the remaining rent notes. To cancel is not to pay, but to obliterate, to annul, to destroy. If all the obligations between the parties were

[Roquemore v. Vulcan Iron Works Co.]

canceled, then the obligation of the plaintiff to execute a bill of sale, conveying the title to the "Baby Shovel" to the defendant, on the payment of the $10, was also canceled, so that the defendant ceased to have any rights as to the "Baby Shovel." It thus appears that the acceptance of the second contract annulled all previous transactions between the parties, and referred them, as to their rights and remedies, entirely to the second contract, unless there was some provision in a written contract or a verbal contract that the "Baby Shovel" should remain in the possession and use of the defendant for some definite perior. The written contract of December 22, 1905, provided that the $1,500 was to be paid "upon the accepance of said shovel, and balance by delivery to said the Vulcan Iron Works Company, at the place where the same now is, a certain Baby Giant No. 926." The natural interpretation of this language is that neither the money nor the shovel was to be delivered until the new shovel was accepted. If, as contended by the appellee, the "Baby Shovel" was to be delivered before the acceptance, then the $1,500, and not the "Baby Shovel," would have been the "balance."

There is no dispute about the fact that the "Little Giant" shovel was never accepted, nor about the fact that it was not what was agreed to be sent, both on account of the engine being smaller than the one agreed to be sent, and on account of other defects, all of which were such that plaintiff's agent, sent for that purpose, could not make it operate. In addition to this, the defendant testifies that there was a cotemporaneous verbal agreement that he was to have the use of the "Baby Shovel" until the other was delivered according to specifications. Whether those exact words were used or not, a delivery of the one purchased evidently meant a delivery of one answering the description in the agreement,

and any other delivery was no delivery at all. It is true, as contended by appellee, and as has been shown by what we have previously said, the title to the "Baby Shovel" had never passed out of the plaintiff; but if it was in the possession of the defendant, under an agreement by which he was entitled to hold it until the happening of something, which had not occurred, then the plaintiff did not have the right to the immediate possession, and could not recover in detinue.

The appellee claims that the parties themselves placed a different construction on the contract, and refers to correspondence, commenced eight days after the date of the contract, by the letter of plaintiff dated December 30, 1905, in which it informed defendant that certain prospective purchasers would be there to look at the "Baby Shovel"; but, if that is an indication that it was understood that it was to be delivered up at once, why did it say, "We trust there will be no trouble with you in securing possession, if we should so desire," and "We will make any necessary arrangements that will protect you, if you have any doubt about our carrying out our contract;" and why did the defendant, in replying, say, "My understanding with Mr. Reid was that I should have the privilege of using the shovel until mine arrived," but that he felt sure they could arrange it? There would have been no arrangements to make, if it was the right of the plaintiff to take possession at once, and no necessity of protecting the defendant, unless the taking of the shovel from his possession would be depriving him of some security which had been left in his hands, or some use which had been granted to him. But, even if this be not the correct interpretation of the contract, the most that could be said would be that the contract is silent as to when the "Baby Shovel" was to be delivered.

While the rule is that parol testimony cannot be introduced to alter or vary the terms of a written contract, yet, if it is apparent that the writing does not contain all the stipulations of the parties on the subject, parol testimony is admissible to show the entire contract, or, if the parties have entered into a collateral parol agreement concerning the same matter, that may be proved, provided it does not contradict the terms of the written contract.—21 Am. & Eng. Ency. of Law (2d Ed.) pp. 1091, 1094; *West & West v. Kelly's Ex'rs,* 19 Ala. 353, 54 Am. Dec. 192; *Huckabee v. Shepherd,* 75 Ala. 342, 345; *Powell, et al. v. Thompson,* 80 Ala. 51, 54, 55; *Sayre v. Wilson & Ingram,* 86 Ala. 151, 157, 5 South. 157; *Murphy, et al. v. Farley,* 124 Ala. 279, 285, 27 South. 442. Some other courts go further than our decisions, and even allow these cotemporaneous verbal agreements to change the terms of the written obligation.—*Juniata Building Ass'n v. Hetzel,* 103 Pa. 507, 511. It is also true that a written contract, in a case where the law does not require the contract to be in writing, may be modified or changed by a subsequent parol agreement.—*Langford v. Cummings & Cooper,* 4 Ala. 46, 49; *Robinson v. Bullock,* 66 Ala. 548, 554; *Badders & Britt v. Davis,* 88 Ala. 367, 376, 6 South. 834; *Prestwood v. Eldridge,* 119 Ala. 72, 76, 24 South. 729. It results that the court erred in sustaining the objections to the questions to Reid, on cross-examination, as to whether there was a cotemporaneous verbal agreement in regard to the retention of possession of the "Baby Shovel," and also in sustaining the objection to the question as to whether there was a subsequent verbal agreement.

From what has been said, it appears that it was material, to the point as to whether the plaintiff had complied with its part of the second contract, so as to be

entitled to the possession of the "Baby Shovel," to show whether or not there were defects in the second shovel sent. Consequently the court erred in excluding all evidence on that subject. As there was conflict in the evidence as to whether there was an additional verbal agreement in regard to the possession of the "Baby Shovel," and also as to the question whether or not the second contract was rescinded, the court erred in giving the general charge in favor of the plaintiff. See, also, *Jesse French Piano & Organ Co. v. Bradley*, 138 Ala. 177, 35 South. 44.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.