[Roquemore v. Vulcan Iron Works.]

# Roquemore *v.* Vulcan Iron Works.

## *Détinue.*

(Decided April 15, 1909.   Rehearing denied May 11, 1909.
49 South. 389.)

1. *Sales; Construction of Contract.*—Under a contract by which plaintiff leased to defendant a steam shovel upon the payment of a fixed sum with the agreement that after making the payment of rental for nine months, the defendant might purchase upon the payment of $10.00 more, the fact that the shovel proved unsatisfactory and another agreement was made whereby plaintiff was to furnish another shovel at a fixed price, part· to be paid in cash, and the balance by the delivery of the first shovel, the failure to comply with the second agreement did not forfeit plaintiff's title to the first shovel, or authorize defendant to retain it without a payment of the purchase price.

2. *Same; Evidence. of Contract; Jury Question.*—Considered in its most favorable aspect the evidence of the defendant in this case only raises the question as to whether there was an oral contemporaneous agreement with the second contract modifying the contract of sale by which a second shovel should be substituted for the shovel already delivered, and providing for the retention of the first shovel by the defendant until the second should have been delivered,—a question for the jury.

3. *Detinue; Evidence; Value; Harmless Error.*—Where the use of the property was admitted to be worth $1.00 per day and the property was used for nearly two years, a verdict for value for retention at $300.00 cured any error in the admission of evidence of value for the use of such property.

4. *Evidence; Relevancy; Anticipating Defense.*—Where testimony was by deposition and merely in anticipation of a defense of a subsequent claim by defendant of a contemporaneous oral agreement, it was not error to admit testimony of a witness denying such agreement as to the right of the defendant to the possession of the property after an exchange of it for other property.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Detinue by the Vulcan Iron Works Company against John D. Roquemore, for a steam shovel. Judgment for plaintiff and defendant appeals. Affirmed.

For the facts see opinion in former report of this case.—151 Ala. 643, 44 South. 557.

[Roquemore v. Vulcan Iron Works.]

STEINER, CRUM & WEIL, and C. H. ROQUEMORE, for appellant.—Plaintiffs are not entitled to recover as they did not have the legal title or the right to immediate possession.—*Ryall v. Pearson Bros.*, 41 South. 673; *Vulcan I. W. Co. v. Roquemore*, 151 Ala. 543.

PHARES COLEMAN, for appellee.—It is earnestly insisted that the city court tried this case in strict accordance with the former decision of the Supreme Court found in 151 Ala. 643; 44 South. 557, and that no errors intervened.

ANDERSON, J.—When this case was here, upon former appeal (151 Ala. 643, 44 South. 557), this court, in effect, held that, under the terms of the last contract, the title to the shovel in controversy was in the plaintiff, and that the only question to be determined was whether or not the plaintiff was entitled to the possession of same at the commencement of the suit. We accept the former construction of this last contract. This court also held that the contract was silent, at most, as to defendant's right to retain the possession of the first shovel, and that this fact was open to explanation by parol evidence. It is true the contract does not require a delivery of the first shovel, by the defendant, to the plaintiff, until the acceptance of the second shovel; but this was intended as a mere right of the defendant to cancel the purchase price of the second shovel, after the payment of the cash payment of $1,500 by a delivery of the first shovel, after the acceptance of the second one. A failure of the plaintiff to comply with the second contract did not, under the terms of same, forfeit its title to the first shovel or authorize the defendant to retain the property, and he was remitted to his remedy for a breach of the second contract, and could not avail

himself of the plaintiff's breach, to retain something that did not belong to him.

The defendant testified: "I told Mr. Read that I wanted to use the first shovel until the second one came. Mr. Reid told me it would be all right, and went further and said he would put it in the contract and I would have the right to keep the first shovel until the second shovel was accepted * * * free of charge." If the first shovel was the defendant's, under the terms of the second contract why did he wish the consent of Read to keep it and to use it until the second one arrived or was accepted? This was a recognition by the defendant that the first shovel was the plaintiff's, as he would not be obtaining the plaintiff's consent to keep and use his own shovel until the arrival or acceptance of the second one. It is difficult to tell just when this conversation was had. The defendant says that he was told he could have the use of same free of charge after the contract was executed. He also stated: "At the time the second contract was signed, the only thing said about the possession of the first shovel was in reference to its use." Read denied any contemporaneous agreement to let the defendant keep the shovel until the second was accepted, but admitted a subsequent consent for him to do so, and which was without consideration and a mere nudum pactum. There were letters introduced, one from the plaintiff to defendant in recognition of defendant's right to the possession, and one from the defendant to the plaintiff claiming the right to retain the possession of the first shovel only until the arrival of the second one, and not until the acceptance of same. Therefore the most favorable view that can be given the defendant's evidence, and which was a question for the jury, was that there was a contemporaneous agreement, forming a part of the consideration of the second con-

tract, that he was to retain the first shovel until the acceptance of the second one, meaning, of course, no right to decline to accept, if the second one came up to the contract, and whether or not there was an acceptance or the defendant was justified in refusing to accept, under the terms of the contract, was a question for the jury. On the other hand, if there was no such contemporaneous agreement, or if there was one and it meant a retention only until the arrival of the second shovel, or if conditional upon an acceptance, and the defendant had no good excuse for not accepting the second one, he had no right to retain possession of the first one, as against this plaintiff. These issues were properly submitted to the jury, in ruling upon the evidence and under the oral charge of the court. There was no merit in the objections to certain portions of the oral charge and no error in refusing the written charges requested by the defendant, and a discussion of each of said refused charges—that is, those insisted upon in appellant's brief —would be a useless consumption of time and space.

The evidence of the witness Read, as to the value of the use or hire of the shovel, whether properly admitted or not, was rendered harmless to the defendant by the verdict of the jury. The defendant admitted, when on the stand, that the use or hire was worth $1 per day, yet the jury only gave a verdict for $300 damages for detention, notwithstanding the detention covered nearly two years.

There was no reversible error in permitting the witness Read to deny a contemporaneous agreement as to the possession of the shovel. It did not contradict the terms of the written contract, which was silent upon the subject. The defendant had no standing in court, unless such an agreement was established, and it was incumbent upon him to do so. True, plaintiff was not called upon to negative this fact, until the defendant

attempted to prove same; but Read's evidence was by deposition, and this fact was narrated in anticipation of the defendant's proof and was made relevant and material by defendant's subsequent effort to prove such an agreement.

The objections to all questions going into the transaction, anterior to the second contract, as to condition of first shovel, freight paid on same, etc., were properly sustained. These questions were all eliminated by the second contract, and the evidence on this subject would answer no purpose except to inject useless issues in the case and thereby confuse and mislead the jury.

The judgment of the city court is affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.