# CASES

## IN THE

# SUPREME COURT OF ALABAMA

### OCTOBER TERM 1915-16

---

## Middleton *v.* Alabama Power Co.

### Trespass.

(Decided January 20, 1916.  Rehearing denied March 30, 1916.
71 South. 761.)

1. **Fixtures; Houses.**—Unless the builder reserves the right of removal, houses erected upon the land of another prima facie become part of the realty.

2. **Same; Trade Fixtures.**—Where improvements consist of what are termed "trade fixtures," they do not become prima facie part of the land on which they stand.

3. **Same; Agreement.**—By contract the parties may make trade fixtures a part of the land on which they stand.

4. **Same; Right of Removal.**—A reservation of a fixture, or the right to remove it at the expiration of the lease, may be made by oral agreement.

5. **Evidence; Varying Writing.**—Where the written lease deals with the subject of fixtures, it cannot be varied by an oral agreement as to the fixtures.

6. **Same; Similar Evidence.**—Where the lease did not provide what was to become of houses erected by the lessee on the land after the termination of the lease, and the lessee introduced evidence tending to show that such houses were trade fixtures, the lessor could show an agreement that the houses were not removable.

7. **Trespass; Party Entitled to Sue; Possession.**—A lessor not in possession cannot sue in trespass for the wrongful removal of fixtures placed on the premises by the lessee.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by J. H. Middleton against the Alabama Power Company and another.  From a judgment for defendants, plaintiffs appeals.  Reversed and remanded.

1—196

The trespass alleged is the tearing down and removing from a certain five acres of land 12 houses alleged to belong to defendant. The complaint was afterwards amended by adding a count for conversion of certain lumber. It appears that the Alabama Power Company by its contractors had leased this five acres of land from plaintiff for the purpose of quarrying rock for the building of its dams, and had placed thereon 15 or 16 houses for use in its quarrying operations, and when the lease expired, or rather when the quarrying had been finished, all of these houses but 3 were removed, together with the machinery and railroads. The contract provided, in substance, a lease of the five acres described, and the right to take rock and other mineral substances for building purposes in and under said land, and also the right to build and operate one or more railroad tracks over and across the same, and to locate and operate equipment and machinery on said land, and to build structures, houses, and habitations for workmen, all for the quarrying operation, and transportation of said rock and other material, and the right to use the water of Blue Gut creek. It contained the following provisions also: The rights conveyed by this instrument, and all interest in the said land shall revert to the grantors upon completion of the quarry operations on the said land by said grantee, its successors and assigns, at the expiration of said period of three years. The plaintiff also offered to show by parol testimony that it was agreed between Mr. Middleton and the Alabama Power Company that the houses which they were to build on the land for the purposes of their operation were to be left on the land, and not to be removed from it. The court declined to permit this to be done.

MIDDLETON & REYNOLDS, and RIDDLE, BURT & RIDDLE, for appellant. RUSHTON, WILLIAMS & CRENSHAW, and SMITH & GERALD, for appellee.

ANDERSON, C. J.— (1-4)—The general rule is that, when houses are erected upon the land of another, the prima facie intendent is that they become part of the realty, though this is by no means conclusive, as the intent of the parties usually controls, and the builder may reserve the right to remove same.— *Powers v. Harris*, 68 Ala. 409. On the other hand, if the improvements or fixtures are what is termed "trade fixtures," they

do not become prima facie a part of the land.—*Walker v. Tillis,* 188 Ala.313 , 66 South. 54, L. R. A. 1915A, 654. Though the parties may by contract make them a part of the land just as they may prevent a house or permanent fixture from becoming a part of the freehold (*Powers v. Harris, supra; Broaddus v. Smith,* 121 Ala. 335, 26 South. 34, 77 Am. St. Rep. 61), it also seems that a reservation of the chattel or a right to remove same at the expiration of the lease may be done by an oral agreement (*Broaddus Case, supra; Harris v. Powers,* 57 Ala. 139; *Foster v. Mabe,* 4 Ala. 402, 37 Am. Dec. 749.)

(5) The lease in question is in writing, and, if it dealt with the question of fixtures, any oral agreement previous to the making of said lease, or contemporaneous therewith, would be merged into the writing, but the lease in question does not deal with this question at all, and does not attempt to fix the nature or character of the structures or improvements to be erected by the defendant.

"The writing is presumed to contain the whole of the contract, and will be protected from any invasion of extrinsic stipulations if upon inspection and study of the writing itself, read, it may be, in the light of surrounding circumstances in order to its proper understanding and interpretation, it appears to contain the engagement of the parties, and to define the object and measure the extent of such engagements, and to have been designed by the parties to be the repository and evidence of their final intentions. When the writing does not purport to disclose the complete contract, or if, when read in the light of the attendant facts and circumstances, it is apparent that it does not contain all the stipulations of the parties on the subject, the rule does not apply; for when it thus appears that a part only of a complete oral contract, not within the statute of frauds, has been reduced to writing, parol evidence is always admissible to show what the rest of the agreement was; otherwise the contract could not be brought before the court. The entire contract must be proved. The rule is simply that the entire contract, whether it be all in writing, in one paper or in several papers, or partly in writing and partly by parol, should be proved, and this is not at all inconsistent with the parol evidence rule. Matters in parol must not be inconsistent with matters in writing. But even in that case the parts of the agreement to be proved by parol must not be inconsistent with or repugnant to the intention of the

parties as shown by the written instrument; for, where a contract rests partly in parol, that part which is in writing is not to be contradicted."—21 Am. & Eng. Enc. of Law, p. 1090-1093; *Roquemore v. Vulcan Iron Works*, 151 Ala. 643, 44 South. 557, and cases there cited.

(6) As the contract in question did not attempt to provide what was to become of the houses after the termination of the lease, and as the defendants introduced evidence tending to show that the houses were trade fixtures, the plaintiff should have been permitted to show an agreement with the defendants' agent that the houses were not to be removed, and were not therefore reserved as chattels, and this agreement was in no way inconsistent with or contradictory of the terms of the contract.

(7, 8) The action of the trial court in excluding this evidence cannot be justified upon the theory that the plaintiff could not recover with the evidence in. This was the case as to the trespass counts as the defendants were in possession of the land, but the said possession was no defense to the trover count if the houses belonged to the plaintiff.—*Walker v. Tillis, supra.*

The judgment of nonsuit is set aside, the case is reinstated, and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.