# Lehman Bros. *v.* Howze & Creagh.

### Attachment by Landlord for Rent and Advances.

1. *Motion to vacate levy of attachment by landlord against tenant in chief, on crop of under-tenant; when may be made by under-tenant.*—Under the statute (Code of 1876, § 3476), requiring the crop of the tenant in chief to be exhausted by the landlord before an attachment, sued out by him to enforce his lien for rent or advances, can be levied on the crop of an under-tenant, unless the tenant in chief has not made a crop, or it is insufficient to satisfy the lien, and providing that a levy made in violation of its provisions shall be "vacated on motion, at the first term thereafter of the court," an under-tenant on whose crop an attachment sued out by the landlord against the tenant in chief to enforce his lien for rent and advances, had been levied, may intervene at the return term of the court, and move a vacation of the levy on his crop, on the ground that the crop of the tenant in chief, on which the attachment had also been levied, and other property received by the landlord and subject to his lien, were sufficient to satisfy the plaintiff's demand for rent and advances.

2. *Presumption in favor of decision of primary court on questions of fact.*—The parties having appeared, and, not demanding the intervention of a jury, submitted such motion and controverted questions of fact aris-

[Lehman Bros. v. Howze & Creagh.]

ing thereon to the decision of the primary court, if, on appeal, the decision of that court on mere matters of fact—on the effect or weight of the evidence—is revisable, the burden of showing that it is plainly erroneous, rests on the party complaining.

3.   *Parol evidence to vary or contradict writings; rule as to applies only to parties and privies.*—The rule forbidding the introduction of parol evidence to vary or contradict writings, applies only to parties and privies; strangers to a writing, who have not assented to the truth of its statements, or that it should be a memorial of facts admitted to exist, are not bound by it, and may, whenever it is introduced to affect their rights, contradict it by parol.

4.   *Same; under-tenant may contradict by parol landlord's written contract with tenant in chief.*—Hence, an under-tenant, not being a party or privy to a written obligation given by the tenant in chief to the landlord for the delivery of a stated amount of corn as rent, may, on the trial of a motion made by him under the statute (Code of 1876, § 3476), to vacate the levy of an attachment sued out by the landlord to enforce his lien for rent and advances, show by parol·that the real consideration of the contract was not the rent of the land for the current year, but was an antecedent debt of the tenant in chief, not covered by the statutory lien.

APPEAL from Marengo Circuit Court.

Tried before LUTHER R. SMITH, Esquire, Special Judge.

The proceedings in this cause were commenced by attachment, issued out of said court at the suit of Lehman Bros. and Walton W. Hill, landlords, against Howze & Creagh, tenants, to enforce the plaintiffs' lien for the rent of certain lands for the year 1881, and for advances made under the statute during that year.   The attachment having been levied on three bales of cotton and " a-crib of corn," Larry Greer, an under-tenant of Howze & Creagh, filed a motion to vacate the levy made on the cotton, on the ground, in substance, that said cotton had been raised by them, and had been levied on without having first exhausted the crop of the defendants in the attachment; that after the attachment was issued, but before it was levied, the ·plaintiffs' claim for advances had been fully paid and satisfied ; and that the corn levied on was sufficient to satisfy the rent then really due from said defendants and costs of the attachment suit.   This motion was tried by the court without the intervention of a jury, both parties introducing evidence. The·court sustained the motion, and entered judgment vacating the levy made on the cotton, from which this appeal was taken.

It appears from the evidence introduced on the trial, that in January, 1881, the defendants, Howze & Creagh, executed their promissory note for $1750, the consideration of which, as recited therein, was " part payment " of the rent of the lands on which the crops were made for the year 1881 ; and that about the same time, they also executed a written obligation to deliver to the plaintiffs on 1st January, 1882, a stated amount of corn, the instrument containing this recital:   " The same being a part of the rents due to " the landlords for the year

1881. It was shown that the plaintiffs' demand for advances had been fully satisfied, as stated in the motion, and that certain payments had also been made on their claim for rent; and the point of contention was, whether the consideration of the obligation to deliver corn was rent, as recited therein, or some other debt or liability, not creating a lien on the crop under the statute. Greer offered evidence tending to show that the note for $1750 was given for the whole of the rent of the place on which the attached crops were raised, for the year 1881, and that the obligation for the delivery of corn "was not really made on account of the rent of said place as therein stated, but that the same was made upon the following consideration:" Plaintiffs, having first rented said place to Howze & Creagh in January, 1878, for that year, advanced to them a quantity of corn, to be returned at the end of the year, with interest in kind; and this obligation was renewed for each of the years 1879, 1880 and 1881, with interest for each year added; and the writing in question was executed in renewal of this obligation for 1881. To this evidence the plaintiffs objected, on the ground that it contradicted the recitals contained in the writing; but the court overruled the objection, and the plaintiffs excepted. On the other hand, "the plaintiffs offered evidence tending to show that, in December, 1880, there was 750 bushels of corn" on said rented place, "worth about seventy-five cents a bushel; that the same was grown on said place, and was received by the plaintiffs; and that when the plaintiffs let said place for the year 1881, it was agreed that the plaintiffs would deliver to defendants the corn aforesaid, and that the defendants should execute the notes aforesaid, and that afterwards said notes were signed by defendants, and delivered to the plaintiffs." The evidence further showed that the corn levied on was sufficient to pay the balance due on the note for $1750, and the costs of the attachment suit.

The ruling of the circuit court on the admissibility of evidence above noted, and the judgment rendered vacating the levy made on the cotton, are here assigned as error.

E. P. MORRISSETT, WATTS & SONS, and JONES & JOHNSTON, for appellants.

W. H. TAYLOE and MACARTNEY & CLARKE, contra.

BRICKELL, C. J.—1. It is unimportant whether, in the absence of a statute authorizing it, an under-tenant or lessee could intervene in an attachment suit by the landlord against the original or superior tenant, to enforce the statutory lien for the payment of rent, or for advances, and move a vacation of

[Lehman Bros. v. Howze & Creagh.]

the levy on his crop, because the crop of the original or superior tenant was sufficient to satisfy the lien, and should be first exhausted. The statute, in express terms, requires that the crop of the tenant in chief, or superior tenant, as he is indifferently termed, shall be exhausted before a levy is made on the crop of the under-tenant, unless such tenant has not made a crop, or it is insufficient to satisfy the lien ; and declares that a levy made in violation of its provisions shall ·be "vacated on motion, at the first term thereafter of the court."—Code of 1876, § 3476. The motion in this·cause for a vacation of the levy on the crop of the under-tenant was . made in pursuance of this statutory provision, at the return or first term of the court to which the attachment against the tenant in chief was returnable, and it rested upon· the ground that the crop of the tenant in chief, upon which a levy has been made, and other property levied upon, on which there was a lien,· were sufficient to satisfy the demand of the landlord, so far as it was a lien. The court had jurisdiction, which was invoked by a proper party, and did not err in entertaining the motion.

2. The parties appeared, and,·not demanding the intervention of a jury, submitted the motion, and the controverted questions of fact thereon arising to the decision of the court. If on error the decision of the court on mere matters of fact, on the effect or weight of the evidence, is revisable, the burden of showing that it is plainly erroneous rests upon the party complaining.—*Ethridge v. Malempre*, 18 Ala. 565 ; *Dane v. Mayor*, 36 Ala. 304. After an examination of the evidence, we are not of the opinion the conclusions reached by the circuit court can be said to be erroneous. The point of contention was, whether the appellants had a lien on the crop of the under-tenant for the obligation of the tenant in chief to deliver them corn as part of the rents. If the rents were payable partly in corn, which the tenant in chief agreed to deliver, the lien would exist. But the fact must exist, the rent must have been payable partly in corn, or the lien would not arise and attach. It will not arise and attach to a contract for the delivery of corn, or of any other article, the consideration of which is not the rent of the lands, or advances to make crops. Recitals in written contracts, specifying that the consideration is rent or advances, which are untrue in point of fact, will not, as against the under-tenant, create the lien and authorize the seizure of his crop. *Tison v. People's Loan Association*, 57 Ala. 328 ; *Evans v. English*, 61 Ala. 416. Whether, as between the parties, the recitals of the writing can be contradicted or varied by parol evidence, is not the question presented by the record. The rule which forbids the introduction of parol evidence to vary or contradict writings applies only to parties and privies. Strangers

to the writing, who have not assented to the truth of its statements, or that it should be a memorial of facts admitted to exist, are not bound by it, and may, whenever it is introduced to affect their rights, contradict it by parol.—2 Wharton's Ev. § 920; *Venable v. Thompson*, 11 Ala. 147. The under-tenant, Greer, was not a party or privy to the writing given the appellants for the delivery of corn, and was properly permitted to introduce parol evidence showing that the real consideration of the contract was not the rent of the land for the current year, but an antecedent debt due or owing from the tenant in chief.

Let the judgment be affirmed.