(100 South. 902)

**PETERS v. PILCHER.**   **(4 Div. 124.)**

(Supreme Court of Alabama.   May 29, 1924. Rehearing Denied June 26, 1924.)

**1. Landlord and tenant &cong;61—Tenant cannot deny landlord's title.**

In general a tenant cannot deny his landlord's title.

---

**2. Landlord and tenant ⏍75(1)—Lease held to permit subletting.**

Lease for years, not requiring lessee to move on the premises, or build a room to the house, nor restricting subletting, impliedly permitted subletting.

**3. Evidence ⏍441(4)—Written lease presumed to contain entire contract merging previous agreements.**

With certain exceptions, a written lease is presumed to contain the entire contract, all the stipulations and promises the parties intended to make and assume, merging all previous negotiations and parol agreements.

**4. Evidence ⏍441(4) — Parol agreement against subletting, inadmissible to contradict lease implying the right.**

Where, under written lease, lessee had implied right to sublet, evidence of a parol agreement to the contrary, in an action for rent, was inadmissible.

**5. Evidence ⏍424—Strangers to written instrument may contradict it by parol evidence.**

Strangers to a writing, and not bound thereby, may, when it is introduced to affect their rights, contradict it by parol, the parol evidence rule applying to parties to the instrument only.

**6. Evidence ⏍424—Sublessee not stranger to lease so as to contradict it by parol.**

In lessee's action for rent against sublessee, sublessee having, and exercising, right of possession, was not stranger to lessee's lease with the owner, in the sense that he could introduce parol evidence to vary and contradict its terms to defeat recovery.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Action on rent note by S. R. Pilcher against E. D. Peters. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

H. L. Martin, of Ozark, for appellant.

Where an instrument in writing contains but a part of the agreement, parol proof of a contemporaneous verbal agreement will be received to show the entire agreement. West v. Kelly's Ex'rs, 19 Ala. 353, 54 Am. Dec. 192, 43 L. R. A. 473; Garrow v. Carpenter, 1 Port. 359; Roquemore v. Vulcan Co., 151 Ala. 643, 44 South. 557; Florence Wagon Works v. Trinidad Asph. Co., 145 Ala. 677, 40 South. 49; Gates v. O'Gara, 145 Ala. 665, 39 South. 729; Mead v. Steger, 5 Port. 498; Burroughs v. Pate, 166 Ala. 223, 51 South. 978. Contracts must be interpreted in the light of the circumstances of the parties when made. Pollard v. Maddox, 28 Ala. 321; McGhee v. Alexander, 104 Ala. 116, 16 South. 148; Reeves v. Jordan, 197 Ala. 64, 72 South. 322. The tenant may deny or dispute his landlord's title where it has been extinguished or changed for the worse. Sad-ler v. Jefferson, etc., 143 Ala. 669, 39 South. 380; Smith v. Mundy, 18 Ala. 182, 52 Am. Dec. 221; Buerger v. Mabry, 15 Ala. App. 241, 73 South. 135; Randolph v. Carlton, 8 Ala. 606; Pope v. Harkins, 16 Ala. 321; Rogers v. Boynton, 57 Ala. 507; Farris v. Houston, 74 Ala. 162; Robinson v. Holt, 90 Ala. 115, 7 South. 441; Barlow v. Dahm, 97 Ala. 415, 12 South. 293, 38 Am. St. Rep. 192; Pugh v. Davis, 103 Ala. 316, 18 South. 8, 49 Am. St. Rep. 30; Davis v. Williams, 130 Ala. 530, 30 South. 488, 54 L. R. A. 749, 89 Am. St. Rep. 55. Defendant not being privy to the contract may introduce parol evidence to show the real contract between the parties. Lehman v. Howze, 73 Ala. 302; Venable v. Thompson, 11 Ala. 147; Mortgage Co. v. Cody, 135 Ala. 628, 33 South. 832; Robinson v. Moseley, 93 Ala. 70. 9 South. 372; Coleman v. Pike Co., 83 Ala. 326, 3 South. 755, 3 Am. St. Rep. 746.

W. O. Mulkey, of Geneva, for appellee.

As a general rule the right to sub-let is incident to the estate of a lessee for a term of years, unless he is restricted from so doing by the terms of the lease or statutory enactment. Crommelin v. Thiess, 31 Ala. 412, 70 Am. Dec. 499; Maddox v. Westcott, 156 Ala. 492, 47 South. 170, 16 Ann. Cas. 604. In order that a lessee may grant a sublease, it is not necessary that he should be in possession of the demised premises. 16 R. C. L. 374, p. 871. It is not permissible to add features to the contract which by its terms were excluded. Drennen v. Satterfield, 119 Ala. 88, 24 South. 723; Griel v. Lomax, 86 Ala. 132, 5 South. 325; Brewing Co. v. Handley, 90 Ala. 486, 7 South. 912.

GARDNER, J. Appellant rented from appellee for the year 1922 a farm known as the J. D. Holman place. He went into possession, cultivated the land, and failing to pay the rent to appellee, for which he had executed his promissory note due September 1, 1922, this litigation followed, resulting in a judgment against him—from which this appeal is prosecuted.

[1] The defendant fully recognized the general rule that a tenant is not permitted to deny the title of his landlord, and made an effort to bring his case within some exception to the rule, as where the landlord's title has been extinguished or changed for the worse subsequent to the rental contract—citing, among other authorities, Sadler v. Jefferson, 143 Ala. 669, 39 South. 380; Davis v. Williams, 130 Ala. 530, 30 South. 488, 54 L. R. A. 749, 89 Am. St. Rep. 55.

[2] It appears that the plaintiff had previously rented this land from the owner, J. D. Holman, for a period of five years and this written lease was introduced in evidence. It bears date December 12, 1921, and bears every evidence of being a full and

⏍For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

complete contract between the parties, and is as follows:

"Ozark, Ala. Dec. 12, 1921.

"State of Alabama, Dale County This trade and agreement made by and between J. D. Holman as party of the first part and S. R. Pilcher as party of the second part witnesseth that party of the first part has this day rented to party of the second part his place in Geneva county known as the Price place for a term of five years covering the crop years 1922, 1923, 1924, 1925 and 1926 for which party of the second part has this day signed his several rent notes for $112.50 each due on Oct. 1 of each year.

"Party of the second part rents the place just as it is and agrees to do all necessary work that is needed on the place at his own expense, and is to keep the place in good state of repairs and to keep the fences terraces, and other repair work in good shape.

"It is agreed that all litter and stalks are to be turned under for fertilizer each year, and not burned and no wood nor lightwood is to be hauled off the place while this contract is in force.

"Party of the second part agrees to take good care of the place in every way just as if it were his own.

"Written in duplicate on this the day above written.           J. D. Holman.
                    "S. R. Pilcher."

"Witness:
   "J. G. Whitman.
   "R. R. Holman.
   "T. F. Hayes."

It is to be observed the contract contains no provision requiring the lessee to move upon the premises or to build a room to the house, or restricting the lessee as to the right of subletting the property. Under the contract as thus entered into between the parties the tenant had the right to underlet the premises.

"As the owner of a well-defined interest or estate in lands, a tenant for years, unless restrained by the covenants and conditions in his lease, may underlet the premises, or any part of them." Maddox v. Westcott, 156 Ala. 492, 47 South. 170, 16 Ann. Cas. 604. See, also, 16 R. C. L. 871.

Immediately upon learning that the plaintiff in this action had rented the place to this defendant, J. D. Holman (the owner) sought to cancel the lease, contract giving notice to that effect to both the plaintiff and the defendant, and subsequently on January 2, 1922, entered into a rental contract with this defendant for the rent of this identical place. Holman sought to justify his action upon the theory that the plaintiff Pilcher had violated the contract by subletting the property to this defendant and failing himself to move upon the premises and cultivate the land.

[3, 4] The defendant offered to show that at the time of the execution of the rental contract between Holman and Pilcher there was a verbal understanding between the parties that Pilcher was in fact to move upon the premises and not sublet, and, also, to make certain improvements not specified in the contract above set out. The action of the court in sustaining objection by plaintiff to this part of the testimony constitutes the basis for the assignment of error on this appeal.

It is a well-recognized general rule that the writing is presumed to contain the entire contract, all the stipulations and promises the parties intended to make and assume, and that all previous negotiations and parol agreements were merged in the terms of the written instrument. There are of course some exceptions, as where the writing does not purport to disclose a complete contract, but we are persuaded, however, the case here presented does not come within any of the exceptions to the general rule.

Under the contract, as expressed in writing, Pilcher had the right to sublet the premises and to prove by parol to the contrary, would be violative of the well-understood rule prohibiting parol proof which contradicts or varies written contracts.

A question of similar character was presented in the recent case of Miller Bros. v. Direct Lumber Co., 207 Ala. 338, 92 South. 473.

As previously stated, the contract bears upon its face every evidence that it was full and complete and intended to express the understanding and agreement of the parties. So, also, evidence that the tenant was to make any improvements other than those stipulated in the written contract would be violative of this same rule of evidence. Middleton v. Alabama Power Co., 196 Ala. 1, 71 South. 461; Hill v. Weil, 202 Ala. 400, 80 South. 536; Griel v. Lomax, 86 Ala. 132, 5 South. 325; Drennen v. Satterfield, 119 Ala. 84, 24 South. 723.

We are persuaded that the ruling of the trial court upon these questions of evidence was well sustained by the foregoing authorities.

[5, 6] Appellant relies, however, upon the principle recognized in our decisions, that the rule forbidding introduction of parol proof to vary or contradict writings applies only to parties and privies, and not to strangers to the writing, who are not bound thereby, and who may, therefore, when it is introduced to affect their rights, contradict it by parol— citing, among other authorities, Lehman v. Howze, 73 Ala. 302; Venable v. Thompson, 11 Ala. 147; Robinson v. Moseley, 93 Ala. 70, 9 South. 372; Jones v. First Nat. Bank, 206 Ala. 207, 89 South. 437; Troy v. Norman, 107 Ala. 667, 18 South. 255. These authorities are without application to the instant case.

The defendant had rented the place from plaintiff, executed his note therefor, which so recited, and, while he had not actually moved upon the premises, had in fact plowed some three or four acres when Holman interfered, as above noted. Plaintiff had a valid

lease for a period of five years. There has been no failure of his title, nor other impediment to the use and enjoyment of the premises, save the unauthorized interference on Holman's part, that is unauthorized if the written contract is to stand unimpeached. Defendant's offered proof was for the purpose of impeaching the written contract, varying and contradicting it. He was not a stranger to plaintiff's title in the sense referred to in the above cited authorities. He was plaintiff's tenant and in privity with such title. Had he continued in possession as plaintiff's tenant and suit been brought by Holman to oust him therefrom, defendant would have offered proof as to his tenancy under plaintiff, and then shown plaintiff's lease as a complete defense thereto. This but illustrates his relation to the lease. Under plaintiff's lease he had the right to possession for five years, and defendant by his rental contract had the right to possession as plaintiff's tenant, and in fact did, to some extent at least, exercise that right, and so far as this record discloses, was not justified in thus repudiating his tenancy under plaintiff, and, very clearly, will not be permitted under these circumstances to impeach plaintiff's title by contradicting his written lease.

Much stress is laid upon Lehman v. Howze, supra, but that authority does not militate against the conclusion here reached. There the subtenant was permitted to show that the consideration recited in a separate written obligation of the tenant in chief was not as therein recited, but this writing bore no relation to the title of the tenant to the premises or right to possession, but was. an entirely separate obligation of the chief tenant, with which the subtenant was in no manner connected. As to that particular obligation, the subtenant was a stranger. Defendant in the instant case, however, is not a stranger to plaintiff's title, which he then sought to destroy, but in fact in privity therewith. The cases are readily distinguishable.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.