## LILES v. COX. (8 Div. 881.)

(Supreme Court of Alabama. Dec. 9, 1926.)

**1. Contracts ⚖==54(1)—Employé's agreement to continue work on agreement by contractor other than one employing him to pay him held based on consideration.**

Agreement by contractor to pay employé hired by cocontractor on his threatening to quit *held* based on valuable consideration, and employé continuing work under agreement became creditor of contractor.

**2. Contracts ⚖==187(3)—Defendant, agreeing to assume debts of contractor, may be sued in name of contractor's employé.**

Where defendant contracted to assume all debts of contractor, employé of contractor may sue defendant in his own name for debt assumed.

**3. Evidence ⚖==425—Contract by defendant assuming all debts of contractor is directly in issue in suit by contractor's employé for debt assumed.**

In suit by employé of contractor against defendant assuming by contract all debts of contractor, contract is not collaterally in issue but directly in issue.

**4. Evidence ⚖==413—Testimony eliminating plaintiff's debt as one assumed by defendant under contract held inadmissible as contradicting written contract.**

In suit by employé of contractor against defendant assuming all debts of contractor by written contract, testimony tending to eliminate employé's debt from those assumed was inadmissible as contradicting written agreement.

**5. Contracts ⚖==349(1)—Testimony of amount paid to contractor by defendant assuming his debts held irrelevant in suit by contractor's employé for debt assumed.**

In suit by employé of contractor against defendant assuming all debts of contractor, testimony of amount paid by defendant to contractor was irrelevant.

**6. Contracts ⚖==349(1)—Evidence of amount due employé suing defendant, who assumed all debts of contractor employing plaintiff, held admissible.**

In suit by employé of road contractor against defendant, assuming all debts of contractor, evidence of amount due employé on road project was admissible.

Sayre, J., dissenting.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by J. D. Liles against C. B. Cox. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Thos. E. Orr, of Albertville, for appellant.

A creditor may maintain an action against one who purchases from another agreeing to pay the seller's debts. Potts v. First Nat. Bank, 102 Ala. 286, 14 So. 663; Dimmick v. Register, 92 Ala. 458, 9 So. 79. Parol testimony was not admissible to alter or vary the contract between Cox and Mason. Green v. Casey, 70 Ala. 417; Thomas v. Irvine, 171 Ala. 332, 55 So. 109; 21 A. & E. Ency. L. 1090; 22 C. J. 1070.

John A. Lusk, of Guntersville, for appellee.

Counsel discusses the questions raised, but without citing authorities.

GARDNER, J. The Taylor Construction Company contracted with the state for the construction of a highway in Marshall county, known as federal aid project No. 88. The Taylor Company subcontracted in writing a portion of this work to C. B. Cox and L. W. Malone, the details of which are unnecessary here to state. Thereupon C. B. Cox then entered into a written contract with Carpenter & Son and L. P. Mason to build a portion of said highway which he had contracted to construct, compensation to be so much per cubic yard, which contract was duly entered into by the parties and approved by the Taylor Company.

[1] Subsequently, as the work progressed, it seems the Carpenters and Mason disagreed and the former abandoned the job. In the meantime, however, the Carpenters had employed J. D. Liles, plaintiff in this action, as steam shovel engineer and the use of a truck with gas and oil furnished therefor. The Carpenters became unable to pay said Liles, and he informed L. P. Mason, cocontractor on the job, that he would be forced to quit, whereupon Mason insisted that he continue his work and use of the truck, agreeing to pay Liles the amount then due him, and that to become due upon continuance of his services. Acting upon this agreement, Liles continued in the work and use of the truck. Mason was interested as cocontractor in the completion of the job. The agreement for compensation to Liles was based upon a valuable consideration, and, Liles continuing in the work upon such agreement, Mason became the debtor of Liles in the sum due him.

After the disagreement between the Carpenters and Mason, and the Carpenters abandoned the work, Mason sold his interest in the job to Cox, the latter assuming all obligations or debts of L. P. Mason or L. P. Mason & Company, incurred in connection with said road project, except the account due Rogers-Bailey Hardware Company. This transaction was reduced to writing, and is as follows:

"I, L. P. Mason, do hereby convey and transfer to C. B. Cox all interest or shares in all estimates past or future on federal aid project No. 88, which might otherwise have accrued to L. P. Mason or L. P. Mason & Co.

"The above is under condition that C. B. Cox

assume all outstanding obligations of said L. P. Mason or L. P. Mason & Co., incurred in connection with the above contract, except the account due Rogers Bailey Hardware Company, Chattanooga, and value received for all due L. P. Mason over and above these obligations.

"[Signed]  L. P. Mason & Co.,
                    "By L. P. Mason.

"Witness: M. E. Walker.

"I, C. B. Cox, do hereby agree to assume all obligations or debts of L. P. Mason or L. P. Mason & Co., incurred in connection with federal aid project No. 88, and contracted prior to date, except the account due Rogers Bailey Hardware Company of Chattanooga, Tenn.

                    "[Signed]  C. B. Cox.
"Witness: M. E. Walker."

[2] The present action by Liles against Cox is based upon the assumption by Cox in the obligation of Mason as evidenced by the foregoing agreement. As a creditor of Mason, Liles, the plaintiff, may claim the benefit of the foregoing contract and maintain this action at law in his own name against Cox. Dimmick v. Register, 92 Ala. 458, 9 So. 79.

[3] The contract between Mason and Cox is not here collaterally in issue [22 Corpus Juris, p. 1282], but, the cause of action being based thereon, it is directly in issue. Cox assumed by this agreement all debts of Mason, except the one therein specified. Defendant was permitted, over plaintiff's objection, to show that, upon execution of the above contract, Mason exhibited to Cox a list of his indebtedness, and that plaintiff's claim was not on such list, which was offered in evidence, and further permitted to testify that Mason stated nothing was due for labor. Plaintiff's objection was based upon the theory that all of such evidence tended to vary or contradict the above-noted written contract. Under the language of the written agreement of the parties, plaintiff's debt was one of those assumed by Cox. The language was plain and unambiguous, no reference or indication to any other writing or agreement.

[4] Manifestly, any testimony tending to eliminate such debt from those thereby assumed would contradict the written agreement. We are persuaded the evidence was inadmissible upon this theory, and should not have been admitted. Miller Bros. v. Direct Lbr. Co., 207 Ala. 338, 92 So. 473; Ala. Trunk & Luggage Co. v. Hauer, 214 Ala. 473, 108 So. 339; 22 Corpus Juris, 1070.

[5, 6] Nor do we see the relevancy of the testimony, admitted over plaintiff's objection, as to the amount paid by Cox to Mason, and the objections interposed thereto should likewise have been sustained. So also evidence tending to show the amount due plaintiff on this road project was admissible, and objection to the tenth interrogatory filed by plaintiff to Mason should not have been sustained.

The questions here considered are those of major importance on this appeal, and what is herein stated should suffice for another trial of the cause.

For the errors indicated, let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.
SAYRE, J., dissents.