184 So. 267

### Ex parte ST. PAUL FIRE & MARINE INS. CO. OF ST. PAUL, MINN.

#### 6 Div. 345.

Supreme Court of Alabama.

June 16, 1938.

Rehearing Denied Oct. 6, 1938.

J. L. Drennen, of Birmingham, opposed.

FOSTER, Justice.

The opinion of the Court of Appeals here sought to be reviewed shows that in a suit for loss from fire, in which the insurer is sued, and defendant pleads the breach of a clause respecting the ownership by insured of the personal property covered, in that though insured had a bill of sale to the property with no defeasance clause expressed, it was by parol agreement of the parties to it intended to operate as a mortgage to secure a debt, and that by it plaintiff was not the sole and unconditional owner, for the reason that a mortgagee is not that sort of owner. Westchester Fire Ins. Co. v. Green, 223 Ala. 121, 134 So. 881.

But assuming that such defense is available only in equity, defendant sought to remove the cause there under the statute. The assumption is predicated upon an application of two principles. One is that it is only in equity where it may be shown that a bill of sale, absolute on its face, was agreed between the parties to it to be a mortgage.

We find that defendant is correct in the statement of that principle, certainly when the controversy is between the parties to the alleged contract. North River Ins. Co. v. Waddell, 216 Ala. 55, 112 So. 336, 52 A.L.R. 838; Shriner v. Meyer, 171 Ala. 112, 55 So. 156, Ann.Cas.1913A, 1103; Bates v. Crowell, 122 Ala. 611, 25 So. 217; Bragg v. Massie's Adm'r, 38 Ala. 89, 106, 79 Am.Dec. 82; Parish v. Gates, 29 Ala. 254, 261; Jones v. Trawick's Adm'r, 31 Ala. 253; Robinson v. Farrelly, 16 Ala. 472.

So much is conceded, but plaintiff contends that the rule which limits parol evi-

Coleman, Spain, Stewart & Davies, of Birmingham, for the motion.

dence in this connection to equity does not apply to third persons on the principle that only parties to the contract are thus limited or their privies. And such is the rule often thus broadly stated. Lehman v. Howze, 73 Ala. 302; Jones v. First National Bank, 206 Ala. 203, 89 So. 437; Peters v. Pilcher, 211 Ala. 548, 100 So. 902.

■ And defendant's second contention is that third persons are not thus excepted unless their rights are independent of the contract sought to be given an equitable effect at law, and did not originate in the relation established by it, nor are founded upon it. And so the authorities hold. Minneapolis, St. P. & S. S. M. R. Co. v. Home Ins. Co., 55 Minn. 236, 56 N.W. 815, 22 L.R.A. 390; State Bank v. Burke, 53 N.D. 777, 208 N.W. 115; 10 R.C.L. p. 1021; 22 Corpus Juris 1294; 3 Jones on Evidence (2d ed.) p. 2710, section 1488.

It is said in 10 R.C.L. 1021, that "Where one, although not a party to the instrument, bases his claim upon it, and seeks to render it effective in his favor as against the other party to the action, by enforcing a right originating in the relation established by it, or which is founded upon it, the parol evidence rule applies." This language is also used in Jones on Evidence, supra, adding to it: "Even in respect to strangers, the writing itself is the best evidence of its contents and must if possible be produced." Then follows section 1489, which we quote:

"The purpose of the exception to the parol evidence rule in favor of strangers is to prevent a fraudulent operation of the instrument upon their rights. Therefore, creditors of one of the parties may introduce parol evidence for the purpose of showing the fraudulent intent which accompanied and characterized the giving of an instrument. Similarly a person who is suing one of the parties to a sealed instrument upon a cause of action not arising out of the instrument may show that the instrument was in fact a mere device concocted to mislead outsiders dealing with one or the other of the parties to it, and that it did not truly represent the relations between those parties. And when the debt secured by a mortgage is incorrectly described or the relation of the parties incorrectly stated, such facts may also be shown by parol as against a stranger to the instrument. Moreover it has been held admissible to show, as between those not parties to the instrument, a mistake in the language of the instrument, or that lands described in a conveyance as in one parish were in fact situated in another. Or this principle, in an action on an insurance policy the plaintiff may show that another policy which comes in question does not cover the property insured, although so purporting on its face."

The case of Minneapolis, St. P. & S. S. M. R. Co. v. Home Ins. Co., supra, was based on an insurance policy. Insured had coverage as a carrier and warehouseman to the extent of its liability to the shippers. The bills of lading stipulated against liability for fire loss. Plaintiff proved a parol agreement with the shippers to procure insurance for their protection, contrary to the terms of the bills of lading. The court recognized the general rule by which in suits with strangers either party may vary a written contract by parol, but referred to the limitation on that rule as follows (56 N.W. page 816):

"The rule is as stated, with this limitation, however: that the right in the latter class of cases to vary a written contract by parol is limited to rights independent of the instrument. As to rights which originate in the relation established by the written contract, or are founded upon it, the rule against varying it by parol applies. Browne, Par.Ev. § 28; Sayre v. Burdick, 47 Minn. 367, 50 N.W. 245; Wodock v. Robinson, 148 Pa. 503, 24 A. 73. In the present case plaintiff is claiming under this policy rights wholly dependent upon its liability to the shippers of the grain. That liability is at once both the basis and the measure of defendant's liability; and it would be most unreasonable that it should be allowed, as against defendant, to establish that liability by proof of oral promises to the shippers which the latter could not prove against it."

The insurer was not a party to the contract of shipment, nor a privy to either of them in that respect, as ordinarily understood, but its liability was founded upon the status thereby created, and arose by contract with one of the parties to it who sought to vary its terms, and such contract was made to depend on that status. The relation of the parties is quite similar to that of privity, if not its exact status. 22 Corpus Juris 1294, section 1726.

In 3 Williston on Contracts, section 647, page 1868, it is said that though the dispute

is between third parties, but it is dependent upon the obligations of the parties to the contract among themselves, and those obligations are stated in a written contract, parol evidence rule is applicable. It is also said that "if a third person claims in the right of a party to a written contract, he is subject to the parol evidence rule. But the application of the rule is not confined to such cases. Though most of the decisions on the subject, however broad the language used, are correctly decided since they merely involved either a contradiction of a recited fact, or the proof of fraud against the rights of a third person, a few decisions cannot be thus explained."

According to the showing now made, the rights of plaintiff and the liability of defendant on account of the insurance are mutually dependent upon the title conferred by the bill of sale, as evidence of plaintiff's ownership of the property covered. There is here no question of fraud, which may be shown at law as in equity. The instrument sought to be varied is not merely collateral which only indirectly affects the issue as was the insurance case cited in Jones on Evidence, supra, note 12 (Lowell Mfg. Co. v. Safeguard Fire Ins. Co., 88 N.Y. 591); but is the gist of defendant's obligation as in Liles v. Cox, 215 Ala. 327, 110 So. 716.

We ask this question, Suppose the instrument involved was a mortgage in terms to plaintiff, which did not show an unconditional title in him as required by the policy, could plaintiff prove in such a suit as this against the insurer that there was a parol agreement with the party signing the mortgage that it was not to be a mortgage at all, but was intended as an absolute sale? This could be done, but for the rule against changing the effect of a written contract by a contemporaneous oral agreement. If plaintiff could not, then the reverse ought to be true, and defendant should not prove by parol a different contract from that which was written and signed, though defendant was not a party to it, his obligation is not independent of it. But in equity this may be done, on a proper showing.

We are of the opinion, therefore, it is a case for equity, and that the motion to transfer should have been granted.

Writ awarded. Reversed and remanded.

All the Justices concur.