186 So. 717

**HESTER et al. v. FIRST NAT. BANK OF RUSSELLVILLE.**

**8 Div. 963.**

Supreme Court of Alabama.
Feb. 16, 1939.

Jas. L. Orman, of Russellville, for appellants.

J. Foy Guin, of Russellville, for appellee.

FOSTER, Justice.

The bill in this case was filed in equity by appellee for the reformation of a mortgage executed on November 21, 1931, by J. F. Swinney and wife to H. H. Hamilton, so that the forty acres intended to be included should be described as in range 12, west, instead of range 13 west, as set out in the mortgage. It alleges a transfer of the mortgage by Hamilton to appellee, and that appellants claim the land under Swinney, and in subordination to the mortgage. Demurrer to the bill was overruled.

Appellants then filed answer alleging that they claim under a tax sale made to one Fletcher Reid on July 5, 1932, on which a deed was executed by the probate judge on August 20, 1934, under an assessment made to J. F. Swinney as of October 1, 1930, and also that on March 16, 1931, Swinney sold the land to Moreland. So that the answer alleged that Swinney was the owner on October 1, 1930, but was not the owner on November 21, 1931, when the mortgage which appellee claims was made, and that appellants' tax title anteceded the Moreland sale, and that the mortgage conferred no rights though there might have been a misdescription in it, and that appellee has no right to redeem.

The bill sought to redeem if it be found that appellants had a valid tax title. The testimony does not appear to have been taken before the trial judge. The court reformed the mortgage, expressing the opinion that the tax sale was invalid for the failure to serve notice on the taxpayer; that no notice was given appellant as mortgagee under section 3109, Code, so as to limit the time in which redemption must be made by it as such, and that appellants had notice that appellee held a mortgage on the land; that appellants failed to furnish appellee with a statement of the amount required to redeem after timely application, and are therefore taxable with the costs. The de-

cree then ordered the mortgage foreclosed in default of paying the debt ascertained, and out of the proceeds decreed payment of the costs and expenses of the sale: then to repay the amount of the taxes paid by appellants and the purchaser at tax sale for the amount due on that account.

Swinney and Hamilton were parties but have made no active defense. The Hesters who claim under the purchase at tax sale are appellants. Moreland was not made a party.

There was ample proof of the mistake in the description of the land in the mortgage.

The court does not decree that the tax sale is void, though he expresses the opinion that it is, but holds that whether so or not appellee, the complainant in the trial court, has a right to redeem the land, or that the Hesters are entitled to a lien for their charges, and makes provision for it. The decree makes no reference to the Moreland deed. If that deed is valid, complainant has no standing so far as the Hesters are concerned.

If the tax sale was regular and legal the purchaser received a good title, subject to the right of redemption within two years (changed now to three years,—Gen. Acts 1933, p. 74) by the owner, his heirs or personal representatives or by any mortgagee or purchaser of any part of the land, or by any person having an interest in it; and if the mortgagee seeks to redeem and his mortgage is recorded, in addition to the two years, above named, he shall have one year from the date of written notice to him from the purchaser. Section 3109, Code. The change to three years does not affect this transaction.

No such notice was given the mortgagee, and his mortgage was recorded, but as recorded it incorrectly described the land. But notwithstanding such error the court found that the Hesters had notice that it was intended to cover the land in question. See Alabama Mineral Land Co. v. McFry, 236 Ala. 632, 184 So. 192.

■ That section (3109) of the Code, of course, contemplates a mortgage effectual as such, not just a scrap of paper on which such a form of instrument appears. The mortgagor must have such interest as will pass by the instrument in order that the relation may be created. If the mortgagor has effectually sold and conveyed that interest and has none left in him when the mortgage is made, the mortgagee obtains no interest in the land which will entitle him to redeem from a valid tax sale. But if the tax sale was invalid, all that the purchaser has is a right to be reimbursed by one who has a right to redeem for such amounts as the law allows under section 3101 or 3102, Code.

J. F. Swinney was in jail when he executed the mortgage and in the penitentiary when the tax sale occurred. His father bought it from the tax sale purchaser, and he and his wife and J. F. Swinney and wife sold and conveyed it to the Hesters in April 1935. The Swinneys had remained in possession in their own right until then, when they yielded possession to Hester who has continuously had possession since then, and did have when this suit was begun. So that they were and are in possession under color of title, though their real title is dependent upon a tax sale.

■ If that tax sale is good, this appellee has no right to redeem, if the Moreland deed is a valid conveyance. But in litigation between persons not parties to the deed, who assert rights independent of it, they may contradict its terms and show that it is invalid for that the land included was not so intended. Ex parte St. Paul Fire & Marine Ins. Co., 236 Ala. 543, 184 So. 267.

It would not be necessary as between them first to resort to equity to have the mistake corrected. And in litigation between them in equity, as here, where the deed between other parties is material, one of them may allege and prove its invalidity.

No such question was raised in Stringer v. Kelly, 212 Ala. 565, 103 So. 650, where one was seeking to redeem under sections 10140 and 10141, Code, asserting a secondary right without making a superior claimant a party, upon allegations that the superior claimant had lost such right.

■ When proof is made of that fact and otherwise the right to redeem exists, it may be decreed, and if the superior claimant has not lost his right, his controversy is then with the party who had been allowed to redeem.

■ So here, when complainant shows without dispute, admitted by Moreland as a witness, that the deed to Moreland included that here in controversy by mistake of both parties, he shows that it is not in his way to exercise the right. But if thereby the right is perfected and exercised by complainant and Moreland wishes to assert the effect of his deed, his controversy is with

complainant and not the Hesters. The outstanding apparent right in Moreland does not otherwise affect the rights of complainant.

■■ The equity of this bill is not to redeem from a tax sale, nor to quiet title. It is to reform and foreclose a mortgage. So that the mortgagor is a proper party even though he has conveyed his equity. And the mortgagee, though he has assigned the mortgage, is a necessary party unless his assignment conveyed the legal title, and is a proper party if it did. Langley v. Andrews, 132 Ala. 147, 31 So. 469; Pratt City Savs. Bank v. Merchants' Bank & Trust Co., 228 Ala. 251, 153 So. 185; Prout v. Hoge, 57 Ala. 28; Harwell v. Lehman, Durr & Co., 72 Ala. 344.

■ The Hesters claim under a tax purchaser, are in possession of the land, and it is not multifarious to bring them in and try their tax title, and redeem if necessary. The complainant could not sue the Hesters at law on account of the error in the description. Equity will in the same suit correct the mortgage, foreclose it and settle the claim of the Hesters in possession. They do not occupy a position of title claimants superior to the mortgage sought to be foreclosed in the sense that the court will not grant relief as to them in that suit. One main purpose of the suit is to contest with them their claim, but to do so complainant has no standing except in equity, where it must go to establish it and then be free to contest with the Hesters in possession.

■ Moreover, the rule that in a foreclosure suit prior lienors cannot ordinarily be brought in has many exceptions and limitations. One of them is as to a tax sale, especially where the sale occurred after the execution of the mortgage. It is said that such sale affects the equity of redemption, which is before the court. Randle v. Boyd, 73 Ala. 282; Lyon v. Powell, 78 Ala. 351; Mendenhall v. Hall, 134 U.S. 559, 10 S.Ct. 616, 33 L.Ed. 1012.

■ It is also true that a superior lien holder may be brought into the foreclosure suit of one who is his subordinate if the purpose is to redeem from him. Harwell v. Lehman, Durr & Co., 72 Ala. 344; Threefoot v. Hillman, 130 Ala. 244, 30 So. 513, 89 Am.St.Rep. 39; Fendley v. Smith, 217 Ala. 166, 115 So. 103.

We do not think the bill was multifarious on account of such matters.

Without holding that the tax sale was valid, the court held that if it was so the complainant was a mortgagee under section 3109, Code, and no notice was given him as there provided, so that he was not barred of his right to redeem under the two year limit there provided: that if the sale was invalid the same amount was due the Hesters under section 3102, Code, and the two year limitation of section 3109 then has no application.

Appellants insist that the sale is valid and that appellee does not come under section 3109, Code, because, though his mortgage was recorded, it misdescribed the land.

Appellee contends that though this is true, the purchaser at the sale and the Hesters had notice that his recorded mortgage was intended to embrace the land in question, and should have given him as mortgagee the notice provided for in section 3109.

■ We have no guide to construe the Code section in this connection further than as there set out. The right to redeem then was two years from the date of sale. If that period expires without notice to the purchaser of such error in the recorded mortgage, we think that it cannot be contended that as mortgagee, in so far as the purchaser was concerned, he was entitled to its benefits, though afterwards such notice was given.

■ The court finds that the Hesters had notice of the true status of the mortgage, and did not give the notice under section 3109, Code. But it does not find when they acquired such notice. In fact the purchaser at the tax sale did not dispose of his interest until after two years had expired, and there is no evidence that he had such notice, and during that time, under those circumstances, the material question is whether he had the notice. After the expiration of two years, and after he had acquired his deed, he sold the land all without such notice. His sale conveyed a right free from redemption under section 3109, Code. The time to redeem had elapsed, and this mortgagee was thus cut off because he had no recorded mortgage describing this land, and the purchaser had no notice of the error within that time.

The next question then is whether the tax sale was void, but entitling the Hesters to the benefits of section 3102, Code.

In that connection the evidence showed an assessment of the land by J. F. Swin-

ney on June 29, 1931, as of October 1, 1930. The report by the tax collector of his inability to collect the taxes without sale of this land. The decree of the probate court, June term 1932, was rendered in the form prescribed by law.. Rev. Act of 1919, section 249, page 355. See Simon on Ala.Rev. Laws, section 223. This decree recited that "notice of this proceeding has been given as required by law." The sale was made July 5, 1932, to Fletcher Reid. And a deed to him was executed August 20, 1934. Then the time when the deed was to be executed was two years after the sale. Now it is three years. Simon on Ala.Rev.Laws, section 241, and notes.

At the time of the sale Swinney was in the penitentiary at Kilby prison. He testified that no notice of the proceeding in the probate court was served on him. The tax collector testified that he did not have the original notice with his return, and it was not produced: that he did not remember how he served the notice, but did not do so at the Kilby prison, though he knows from his course of dealing and the finding by the court that he did serve it, perhaps on his wife at his home, but certainly someone in the residence, and that he made such a showing on the hearing in the probate court. This was the substance of the evidence on that question.

The Alabama Revenue Law of 1919, section 243, page 353 (see section 217 of Simon's compilation), requires the notice to be served by the tax collector or his deputy on the person to whom it is addressed, or his agent, or by leaving a copy at his residence or place of business. We do not undertake to set out other features of the requirement, not here material.

▪ Th recitals of the decree, such as we have shown, being in the language of the law in that respect, are prima facie evidence of the facts so recited; with special application to the recital as to notice. Ex parte Griffith, 209 Ala. 158, 95 So. 551; Driggers v. Cassady, 71 Ala. 529; McGee v. Fleming, 82 Ala. 276, 3 So. 1; Gilliland v. Armstrong, 196 Ala. 513, 71 So. 700.

It is clear from those authorities that the proceedings here involved are prima facie valid, but that the question of the service of notice is open, so that the recital may be contradicted by other evidence. But the burden is on the one who would contradict such recitals to prove that no such notice as was required by law was given. We have

stated the substance of the evidence on that issue. It was not in our opinion sufficient to meet that burden.

This is a controversy between respective parties, both of whom paid material value, and are innocent of unfair dealing. As between them in such situation that one must prevail who has the better legal and equitable right. We think such is with the Hesters, appellants.

The decree of the circuit court is reversed and one is here rendered denying relief to appellee and dismissing its cause.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.