28 So.2d 184

**FRICK CO. v. ASHWORTH.**

**2 Div. 220.**

Supreme Court of Alabama.

Dec. 5, 1946.

434

W. R. Withers, of Greensboro, for appellant.

Pitts & Pitts, of Selma, for appellee.

FOSTER, Justice.

This is a suit by appellant against appellee on notes, representing the balance claimed to be unpaid on the purchase price of certain machinery.

Defendant had a contract separate from that by which he purchased the machinery, which made him what was denominated in it a dealer for appellant in the matter of the sale of the machinery. By it appellee was to be entitled to commissions on sales made by him or with his assistance. The commissions should be "all proceeds obtained in excess of" a certain named percent of current list prices. On such basis he claimed a minimum credit of $168.52 commissions on sales to George and Roy Davis; also an additional $10 on what is called plow list: total $178.52. Also $181.95 commissions on sales to B. D. Davis; also $447.21 commissions on sales to W. F. Wilson; also $152.20 for hauling for plaintiff. All of which would be in excess of the amount of the notes sued on. Furthermore, he claimed that the proper credits exceeded those figures. The jury found for the defendant, but for nothing over, and

defendant is not complaining. So that the only questions here relate to such commission as will fully off set the debt sued on.

Appellant objected to the testimony of George and Roy Davis in this connection in the following· respect. They bought machinery as to which appellee was entitled to credit for commissions. Their contract was with appellant and was in writing, and in evidence. It showed a purchase price of $1,260, dated April 8, 1941. It recited cash of $400 paid on delivery, and three notes, all aggregating $1,260. They were permitted to testify that they also gave a check for $100 and one for $20; that the $400 was paid by receipt of four mules for which a written receipt was given by one Shannon, shown to be an agent of plaintiff, and that the fall after the execution of the contract, Mr. Shannon and the plaintiff's manager came to him and told him an error was made, and that he would owe $65 more, for which he gave a note, whereby the total amount aggregated $1,445, instead of $1,260. That he paid the total amount of $1,445.

W. F. Wilson also purchased machinery, making a contract in writing for $2,134.-60. He was permitted to testify that he exchanged the motor, included in the sale, for a larger one, and agreed to pay the difference of $660 to appellant. That he paid the contract price with the additional charge. And by B. D. Davis that he had a purchase contract providing for $1,217. He was allowed to testify that the total bill of what he bought amounted to $1,-332.75, which he paid to Mr. Shannon and a part to appellee: that he traded a pair of mules to Mr. Shannon, and paid the balance in money.

It is insisted that such evidence varied the terms of the written contract, and related to transactions between persons who are not parties to the suit, and was not competent.

■ We cannot agree with this contention. It does not contravene this rule to show that the amount of the consideration was not as recited in the contract, and that additions were made to the amount of the purchases and changes in the total by subsequent agreements, though not in writing.

Moore v. Williamson, 213 Ala. 274, 104 So. 645, 42 A.L.R. 981; Spencer v. Richardson, 234 Ala. 323, 175 So. 278.

Moreover, those contracts were not the foundation of the suit, but were merely collateral matter to show the amount on which appellee was entitled to commissions under the contract between appellant and appellee. The writing between appellant and those third persons was not conclusive on such issue made between appellant and appellee, but merely served as a form of evidence. The transaction, though in writing, could on that issue have been proven by parol, and additions or subtractions made from it proven in the same manner. Bradley v. Hall, 239 Ala. 544(4), 195 So. 883; Lehman v. Howze, 73 Ala. 302; Jones v. First National Bank, 206 Ala. 203(4), 89 So. 437; Peters v. Pilcher, 211 Ala. 548(5), 100 So. 902; Hester v. First National Bank, 237 Ala. 307, 186 So. 717. There are limitations on that rule not· here applicable. Ex parte St. Paul Fire & Marine Ins. Co., 236 Ala. 543, 184 So. 267.

As we have shown, appellee's· commissions are controlled by the proceeds of sales made by him or with his assistance which were obtained by appellant in connection with the current price list on those items of sale. Appellee could show by any legal evidence the amount of the proceeds thus received by appellant on account of such sales. The written contracts between appellant and the purchasers did not preclude appellee from proving by parol the amount so received.

The authorities cited demonstrate that such proof does not infringe on the parol evidence rule. Nor does it infringe on the rule against proof of transactions which are res inter alios acta. When the rights of litigants between themselves are controlled by the transactions of others, evidence of those transactions is of course admissible.

■ The receipt given by J. O. Shannon, Jr., to George and Roy Davis for $400 to be credited on the selling price of the farm machinery, and given for four mules, as recited in it, was properly admitted. It was a feature of the sale made to Davis which recited payment of $400 cash on de-

436

livery as a payment on the purchase price. Shannon participated with appellee in making the sale and taking the contract, when he gave the receipt for $400. Abercrombie v. Martin & Hoyt Co., 227 Ala. 510, 150 So. 497. He testified that he took in four mules and sold them for $190, which went as a cash payment. But whether as between appellant and appellee the proceeds of the sale to Davis should be treated as $400 or as $190 is not now important, since the jury could find that appellee has enough credits to off set his debt in either event, and the court made no prejudicial ruling as to that question.

 The evidence made a jury question which they decided and the trial court overruled the motion for a new trial. In doing so we are not persuaded that there was error.

We have given consideration to the briefs and argument and the assignments of error. We do not think a more detailed discussion is necessary. We do not think that any of it points out reversible error.

Affirmed.

GARDNER, C. J., LAWSON and STAKELY, JJ., concur.