195 So. 883

BRADLEY et al. v. HALL.

4 Div. 116.

Supreme Court of Alabama.

May 9, 1940.

Cope & Cope, of Union Springs, for appellee.

Moseley & McIlwain and Andrews & Andrews, all of Union Springs, for appellants.

FOSTER, Justice.

This suit is in equity and concerns the ownership of eighty acres of land largely valuable for its timber. The bill alleges that appellee (complainant) was in possession of it, and that appellant Bradley is continuously and daily trespassing upon it, and cutting the timber under license from the other appellants, but that they have no right, title or interest in it. The prayer is for an injunction, temporary and perpetual, and for general relief.

The answer relies upon the title of appellant, Bone Powell, under whom the others

claim, and that Bone Powell claims the land under color of title and adverse possession for fifty years.

The court found that complainant was the owner of the land, made the injunction perpetual, and ordered a reference. There was no demurrer to the bill, nor its equity in any manner tested. It invokes the general equity of the court, fully supported by our cases. Birmingham Trust & Savings Co. v. Mason, 222 Ala. 38, 130 So. 559.

This eighty-acre tract was part of a large body of land owned by E. W. Johnson who died prior to 1886, when certain described land belonging to his estate was sold under decree of the court. It did not describe this eighty-acre tract. The sale was to Swanson. J. M. Hall testified that this was only a part of the land, and that the balance was sold to Hall's father, whose wife was an heir; and that his father gave it to him, and he took possession of it including these eighty acres, and cleared a portion of the tract, renting it to tenants who cultivated it for twenty years. There is no record evidence of this sale to J. M. Hall's father, nor by him to J. M. Hall, though he testified that he received a deed; also that he bought from the Swansons that which was sold to him not here involved. To this he had a deed from them. He also testified that he sold these eighty acres to two of his sons, and they in turn sold it to complainant, another son, but the deeds do not describe it.

There is no record evidence that this tract ever passed out of the ownership of E. W. Johnson in his lifetime or of his heirs after his death. J. M. Hall's mother was an heir, and through her, and at her death, he himself succeeded to her rights as such. He testified that he took over the land in controversy about forty years ago, and cleared the patch which he rented to tenants for twenty years. In that time, and about 1910, he sold the hardwood timber on it, which was cut by his purchaser; and, again, 1926, he sold the pine timber on it, which the purchaser cut also; and that during all that time he claimed it as his own, and never heard of any claim or possession by Bone Powell or his father.

Appellants claim under William Powell, father of Bone Powell. They claim that he bought this eighty-acre tract from E. W. Johnson as a part of a tract adjoining it on the south. His heirs sold and conveyed it to Bone Powell by deed, describing the land by metes and bounds, not by numbers, and as being bounded on the north by the land of J. M. Hall. This could be by the tract in controversy or by land of J. M. Hall north of that in controversy, so as to include it or not dependent upon whether it was owned by J. M. Hall. There was no deed conveying this tract by E. W. Johnson to William Powell, and no one testified of his own knowledge that such a sale was made. William Powell began assessing for taxes land formerly of the Johnson ownership in 1870, but did not include the eighty acres in dispute. For the greater part of this time it was not assessed at all, and until in recent years by E. W. Hall. There is some evidence that William Powell and Bone Powell made a claim to the possession of it, but such evidence is uncertain and unsatisfactory.

We are impressed by the evidence that J. M. Hall has claimed the land and had such possession of it as its character and worth justified for something over forty years, and that during much of that time he had a tenant in possession: that during none of that time did William Powell or Bone Powell have actual possession of it, and they show no legal title. J. M. Hall is still living, and, as we have said, through his mother became an heir of E. W. Johnson. None of the other heirs are here complaining of the Hall ownership. There is here no controversy with them. E. W. Hall is claiming through J. M. Hall, his father, by a deed to his two brothers from the father, and by them to said E. W. Hall. Those deeds do not describe this land. But there is no controversy with J. M. Hall or the two brothers, and they are not parties to this suit. J. M. Hall and E. W. Hall testified that this eighty-acre tract was involved in those transactions though not there described.

The sole controversy here is with Bone Powell and his privies in estate, and they do not show evidence of a legal title. So that the controversy is at least between an heir of E. W. Johnson, or his privy, and those who show no title out of E. W. Johnson, though they claim under him, and no other title or possession prior to that of J. M. Hall, who is such heir.

There is no color of title in these appellants, and their possession was merely transitory for the purpose of doing the acts which are trespasses in the absence of a legal right. Such acts cannot defeat the right of one in the actual or construc-

tive possession under claim of ownership. Green v. Marlin, 219 Ala. 27, 11, 121 So. 19.

True, occasional acts of entry on land and cutting timber are not sufficient adverse possession to divest title out of the true owner (Green v. Marlin, supra), but these appellants have not shown true ownership subject to divesture. The character of possession of J. M. Hall and E. W. Hall is sufficient to sustain a controversy with one who has not shown a prior possession or better right. These appellants are not in position to insist that the sales and conveyances by J. M. Hall and his sons, under which complainant claims, are not sufficient to pass the title. They are strangers to these transactions, and show no interest which enables them to question the sufficiency of the conveyances either under the statute of frauds, Code 1923, § 8032 et seq., Ex parte Banks, 185 Ala. 275, 64 So. 74; 10 Ala.Dig. 569, Statute of Frauds, ☞143,—or the parol evidence rule. Hester v. First National Bank, 237 Ala. 307(4), 186 So. 717; Ex parte St. Paul Fire & Marine Ins. Co., 236 Ala. 543, 184 So. 267.

It is only a party to a transaction, and his privies, or those whose rights are directly controlled by it, who can deny the competency of another party to show what the real transaction was, though it is in writing.

So that complainant can show that he at least occupies the status of a privy to an heir of E. W. Johnson. One such heir (or his privy) can recover against a stranger to the title, and the recovery will be for the benefit of all the heirs, if they set up and show such right in their relation to him. Hooper v. Bankhead & Bankhead, 171 Ala. 626(6), 54 So. 549; Dorlan v. Westervitch, 140 Ala. 283(4), 37 So. 382, 103 Am.St.Rep. 35; Lecroix v. Malone, 157 Ala. 434, 47 So. 725. This is the rule in ejectment. For greater reason one of the heirs has a right in equity to prevent a trespass to his possession by a stranger who is depleting the land of its chief value; and as an incident adjudge the superiority of the respective claims of the parties in court.

While the court decreed that the complainant is the true owner of the land, that is only effective in his controversy with the respondents, and has no bearing on the rights of other heirs of E. W. Johnson or of J. M. Hall if any controversy among them should arise.

Appellee has moved this court to dismiss the appeal because the bond was not filed and appeal taken in the time required by law. We have given consideration to the proof submitted on this motion, and have reached the conclusion that it was duly and legally filed within the time required by law. A discussion of the evidence would serve no useful purpose.

The motion to dismiss the appeal is overruled, and the judgment is affirmed.

Motion dismissed. Judgment affirmed.

GARDNER, C. J., and THOMAS and BOULDIN, JJ., concur.