24 So.2d 540

**LUCAS et al. v. SCOTT.**

**4 Div. 351.**

Supreme Court of Alabama.
Oct. 11, 1945.

Carl S. Farmer, of Abbeville, and Elizabeth Espy, W. L. Lee & Alto V. Lee, III, and J. R. Ramsey, all of Dothan, for appellants.

184

G. D. Halstead, of Headland, and Theodore R. Ward, of Abbeville, for appellee.

SIMPSON, Justice.

This suit is in equity by appellee against appellants, under Code 1940, Title 47 § 2 et seq., to establish a disputed boundary line between coterminous lands.

The first assignment of error challenges the ruling of the chancellor in denying the defendants' (appellants') demand for a jury.

In equity, a party is not entitled, as of right, to a jury to decide the issues of fact unless it is so provided by statute or constitution. In the absence of such a provision the power and duty to determine finally all questions of fact and law devolve upon the court. Curb v. Grantham, 212 Ala. 395, 102 So. 619; 30 C.J.S., Equity, p. 892, § 495.

Under such a status the court may submit an issue of fact to the jury for decision, but the verdict is advisory merely and for the purpose of "enlightening the conscience of the chancellor," which he, in his discretion, may reject. Alabama, Tenn. & Northern Ry. Co. v. Aliceville Lumber Co., et al., 199 Ala. 391, 403, 74 So. 441, 446; Hill v. Lindsey, 223 Ala. 550, 137 So. 395; Tuscaloosa v. Shamblin, 233 Ala. 6, 169 So. 234; Wilbourne v. Mann, 203 Ala. 26, 81 So. 816; 53 Am.Jur. 781, § 1124; 19 Am.Jur. 272, § 398, 277, § 404.

■ The statute under which these proceedings were transacted makes no provision for a jury trial and the court will therefore not be put in error for refusing the defendants' demand. Rice and Wilson v. Tobias, 83 Ala. 348, 350, 3 So. 670; Alabama T. & N. R. Co. v. Aliceville Lumber Co., 199 Ala. 391, 403, 74 So. 441; Wilbourne v. Mann, supra.

The remaining assignments of error relate to the trial court's conclusions on matters of fact.

■ The evidence was taken before a special register and will be here reviewed without the aid of any presumption favoring the decision of the court on the issues thereby presented. Code 1940, Title 13, § 17.

The boundary line in dispute was between appellee's lands on the west and appellants' lands on the east. There were two surveys to establish the line, one for appellants and one for appellee, and divergent results were achieved. The record is voluminous with much evidence seeking to sustain the respective lines contended for by the parties. The trial court, upon consideration, adjudged the true division line to be as defined by appellee's surveyor, Pickett, and decreed that the line be so established and marked as provided by the Code (Title 47, § 4).

We have given studious consideration to the entire record, in consultation, and have reached the conclusion that the decision of the trial court should be sustained.

■ Though there was evidence tending to verify the contention of the appellants as to the true line separating the two tracts of land, the evidence as a whole, in our view, preponderated rather convincingly that the Pickett survey was the true division line. The government filed notes and the boundary lines of other adjacent and contiguous properties more positively sustain this location, as do fence markings and a hedgerow testified to by numerous witnesses as having been established along this line and recognized as the dividing line of the properties for a long period of time.

The fact that the deed of appellee misdescribed the south forty acres of his land does not affect the result. This same misdescription had prevailed through successive conveyances for over forty years and the evidence tended to substantiate that the respective owners, including appellee who purchased in 1917, were put in possession of the identical property as bounded by the line established by Pickett, and had possessed it and claimed it as theirs during this period. The possessory acts which appellee from time to time exercised for a period of over twenty years, indicative of ownership and claim of title, and sufficient as against appellants' claim to repose title in him under the rule of prescription, were the cultivation of part of the land up to the line, the selling of timber on several occasions therefrom up to the line, the cutting of poles and lightwood from this now disputed area, defending a lawsuit involving the cutting of a tree on the line (which tree, incidentally, some of the appellants on that trial asserted was on or about the line), and the leasing of lands for the mining of bauxite—all said acts, except the recent bauxite operations, having been without hindrance or objection of appellants or anyone else. There was some testimony that some of the appellants had a pasture, for a time, in the southern part of the disputed area, but this impresses us as uncertain and unsatisfactory, as against the countervailing evidence of appellee. During the period of this ownership, appellee is shown to have exercised such positive acts of possession and dominion over the land up to said line as its character and worth justified and this actual dominion and use was of such notorious, exclusive and adverse nature as to ripen into title as against appellants' claim of title. Bradley v. Hall, 239 Ala. 544, 195 So. 883.

■ There was further evidence tending to show that whatever use appellants might have subjected the land to west of this line was by permission of appellee and in recognition of his claim of title, which if true, would also defeat any claim of title by adverse possession appellants might assert. Kidd v. Browne, 200 Ala. 299, 76 So. 65.

■ Appellants also argue that the possessory acts proven by appellee, if true, are insufficient in law to repose the title in him. It is, of course, recognized that occasional acts of entry on land and cutting timber are not sufficient adverse possession to divest title out of the true owner. Green v. Marlin, 219 Ala. 27, 121 So. 19. But these appellants have not shown true ownership subject to divesture.

As pointed out, the record is rather convincing that the Pickett line is the true government line dividing the two tracts and, being so, appellants were without color of title beyond said boundary and whatever desultory acts of possession appellants might have exercised over a small part of the disputed area could not override the claim of appellee. In such circumstances the law regards appellants' possession as "merely transitory for the purpose of doing the acts which are trespasses in the absence of a legal right. Such acts cannot defeat the right of one in the actual or constructive possession under claim of ownership." Bradley et al. v. Hall, 239 Ala. 544, 546, 547, 195 So. 883, 885; Green v. Marlin, supra.

We are persuaded, from a painstaking scrutiny of the record, that the evidence fairly and substantially sustains the conclusions of the trial court on the issue in dispute, and the decree is here affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.