229 So.2d 498

**W. P. WHIDDON et al.,**

**v.**

**Donald S. WHITE et al.**

**1 Div. 547.**

Supreme Court of Alabama.

Dec. 11, 1969.

Wilters & Brantley, Bay Minette, for appellants.

No attorney on appeal for appellees.

PER CURIAM.

■ This is an appeal from a final decree, in equity, establishing a boundary line between land of appellants and that of appellees. Title 47, § 3, Recompiled Code of Alabama, 1958. The issues were submitted to a jury, to which neither of the parties was entitled as a matter of right. Lucas v. Scott, 247 Ala. 183, 24 So.2d 540. The trial court, exercising its judicial prerogative, submitted the issues of fact to a jury for the purpose of "enlightening its conscience." White v. Berrey, 266 Ala. 379, 96 So.2d 725. The jury returned a verdict in favor of appellees (respondents).

■ The jury verdict was advisory merely and could have·been rejected by the trial court. Lucas v. Scott, *supra*. But the court elected to accept and follow the verdict, rendered on March 15, 1967, for appellees. Decree responsive to the verdict was entered on May 10, 1968.

Motion is here made to dismiss this appeal from the final decree because no motion was made by appellants to set aside the verdict prior to entry of the final decree.

■ Where a party in an equity proceeding is entitled to a jury trial as a matter of right, the verdict of the jury is binding on the court. The chancellor must enter a decree accordingly unless the verdict is vacated or set aside within the time and in the manner provided by law. Lewis v. Martin, 210 Ala. 401, 98 So. 635. The time for attacking the verdict is before entry of the final decree. Belk v. Belk, 275 Ala. 173, 153 So.2d 250; Ex parte Howard, 225 Ala. 106, 142 So. 403. The proceeding and trial by jury as a matter of right is not an independent trial, but a part of the equitable proceeding. Ex parte King, 230 Ala. 529, 162 So. 275; Owens v. Washington, 260 Ala. 198, 69 So.2d 694. For further elucidation on the subject see Karter v. East, 218 Ala. 536, 119 So. 662.

■ The foregoing pronouncements with reference to procedure where a jury is available as a matter of right have no application to the instant case, because the court exercised its prerogative in submitting the factual issues to the jury to which neither of the parties was lawfully entitled as a matter of right. Ex parte Howard, *supra;* Lewis v. Martin, *supra*. See also Owens v. Washington, *supra*.

Motion to dismiss the appeal for failure of appellants to challenge the verdict prior to final decree is denied.

We now come to consider the appeal on its merits. Appellants argue· Assignments of Error 2, 3, 4 and 5. Assignments of Error 2 and 3 complain of certain parts of

the oral charge of the court to which exceptions were taken. Assignments 4 and 5 refer to written charges requested by appellants and refused by the court.

Appellants' bill of complaint alleges that they and appellees are coterminous owners of real estate in Baldwin County. They averred that they own the E ¾ of the E ½ of SE ¼ of Section 12, Township 8 South, Range 4 East; that respondents are the owners of S ½ of SE ¼ of NE ¼, which appears in the evidence to be in the same section, township and range in which complainants' property is located. The bill further alleges that a dispute had arisen between complainants and respondents as to the location of the dividing line between these two pieces of property.

Appellees (respondents) admitted in their answer that they and appellants (complainants) were coterminous owners of the real property, but they neither admitted nor denied that a dispute had arisen between them as to the location of the boundary line, "not having knowledge or being informed as to the claimed location of the dividing line by the complainants."

We find from the evidence that appellants purchased their property described in the complaint from James E. Findley, individually and as Trustee of John D. Clark estate. This deed conveying the land is dated July 8, 1963, and was filed for record on July 15, 1963.

We also find from the evidence that appellees purchased their property described in the pleadings from Miss Lillian M. Kaemmerer. This deed is dated September 15, 1955. It was filed for record, but the date of such filing is not shown. On May 11, 1964, appellee Mr. White conveyed his interest in the above land to his wife, a respondent and appellee in this cause. This deed was filed for record on May 11, 1964. Neither instrument, *supra,* particularly describes the disputed area, nor does the bill of complaint.

It appears from the evidence that at the time appellants purchased their land described in their complaint, there was a fence on the north side of the land extending east and west between markers. Appellant W. P. Whiddon, after being informed by a surveyor he employed to survey his property that the government line was further north, proceeded to tear down this fence and build another about sixty-five feet further north where the surveyor reported the government boundary line was located. The area between these two fences is the land here in dispute.

Appellants contend that the fence which they built is on the government subsectional boundary line, while appellees assert that the first fence marks the boundary line. Neither conveyance, *supra,* describes this disputed area by metes and bounds; neither does the complaint. Its inclusion in the respective conveyances depends on the location of the subsectional government line between the forties. This subsectional government line remains fixed, wherever it is, and cannot be relocated by any act of the parties or other persons, although a boundary line between adjacent landowners may be fixed and changed by agreement or by adverse possession. McNeil v. Hadden, 261 Ala. 691, 76 So.2d 160.

It further appears from the evidence that appellees' grantor, Miss Lillian M. Kaemmerer, inherited the land she conveyed, *supra,* from her father, who died in 1953. The deceased father purchased the land in 1952. He was a tenant on the land when in 1948 he built the fence that appellants tore down and removed. We will refer to this removed fence as the first fence, and the fence which appellants built as the second fence. The area between the two fences, as we have observed, is approximately sixty-five feet north and south.

Two surveyors testified that the government subdivision line is approximately on the line of the second fence. We are impressed from the record that appellees

contend that the government line is where the first fence was built. Also we think that appellees contend that they acquired title to the disputed area by adverse possession. We here note that appellees did not favor us with a brief on the merits of this case. Therefore, we have to rely on the record to ascertain their contention.

The record does not disclose deed to Miss Lillian Kaemmerer's father. There is no evidence as to the description of the land contained in his deed.

If the first fence is on the government line, appellees, by their conveyance from Miss Kaemmerer, acquired whatever title Miss Kaemmerer had as the heir of her father. In other words, the dispute would be resolved in favor of appellees. This is so because appellants do not rely on adverse possession, but upon their deed from Mr. Findley which conveys the disputed area if appellees did not have title thereto by deed or adverse possession.

■ Miss Kaemmerer testified, as we have noted, that her father was a tenant on, the land in 1948 when he built the (first) fence. He bought the land in 1952 from his landlord and went into possession as the owner. He died in 1953. Therefore, neither Miss Kaemmerer nor her father was in possession long enough to acquire title by adverse possession if the second fence is on the government line. Under such circumstances, they could not and did not convey the disputed area to appellees. If the first fence was put on the government line, they did convey to appellees.

Appellees' possession under their deed extends from September 15, 1955, to the date the first fence was torn down, which was shortly after July 8, 1963, when appellants purchased from the Clark estate. This suit was filed on March 5, 1965.

■ If the second fence is on the government line, appellees got no title by their deed to the disputed area. They did not acquire title by adverse possession because less than ten years intervened between their possession following their deed from Miss Kaemmerer and the time suit was filed on March 5, 1965. Appellees cannot tack their possession onto the Kaemmerers' possession to constitute the required ten years. Lay v. Phillips, 276 Ala. 273, 161 So.2d 477; Mims v. Alabama Power Co., 262 Ala. 121, 77 So.2d 648. We note here that § 828, Title 7, Recompiled Code of Alabama, 1958, by specific provision does not affect boundary line disputes between conterminous landowners.

So we observe that if the second fence is on the government subdivisional line, appellees would have no title to the disputed area. The deed to them did not purport to convey any land beyond the area described in said instrument. Nor did they have title by adverse possession.

If the first fence is on the government subdivision line, then appellants would have no title to the disputed area. Their deed did not purport to convey any area outside its description. Appellants do not claim by adverse possession.

■ So far as the record before us discloses, we think title to the disputed area depends on the location of the subsectional line established by the government. We cannot go outside the record for facts, nor may we surmise what they may be. Other facts not in the record may have a bearing on the title.

We think and so hold that the trial court committed reversible error in instructing the jury as the excerpts appear in argued Assignments 2 and 3. The Reporter will set out these assignments. In the light of what we have said in this opinion, we think that refused charges appearing in Assignments 4 and 5 were confusing and properly refused.

The final decree is reversed and the cause remanded.

The foregoing opinion was prepared by BOWEN W. SIMMONS, Supernumerary Circuit Judge, and adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., concurs.

LAWSON, MERRILL, HARWOOD and MADDOX, JJ., concur in the results.