BEATTY, Justice.
This appeal is from a final judgment establishing the true and correct boundary line between plaintiffs’ and defendants’ land. We affirm.
This dispute arose when plaintiffs Fred and Diane Wills discovered that a survey, performed in August of 1976 by Gilbert Engineering Company, revealed that a fence constructed between the contiguous tracts of real estate owned by plaintiffs and defendants was not on the boundary line indicated by their respective deeds of conveyance. Plaintiffs filed suit against defendants Harrelson Blackwell, David Blackwell, and Wanda Blackwell, seeking to establish the common boundary line as described in the deeds and Gilbert survey. The trial court, however, found the true and correct common boundary line to be the line described in an earlier survey taken in 1961 by G. W. Jones & Sons.
The single dispositive issue presented on this appeal is whether the findings made by the trial court were clearly erroneous or manifestly unjust. A court may not, of course, arbitrarily choose a boundary line between two parcels of property. Vasko v. Jardine, Ala., 374 So.2d 868, 870 (1979). In the case at bar, however, we do not find that the court fixed the boundary line based on speculations, as plaintiffs claim. Although the trial judge did not set forth his reasons for choosing the Jones survey as the basis for the boundary line, his findings are well supported by the record on this appeal.
George Gillespie was the original common owner of all the real estate owned by plaintiffs and defendants. He sold the property defendants now claim to defendant Harrel-son Blackwell in 1961. As a condition to purchasing the property, Blackwell required that a survey first be performed. Gillespie employed the Jones firm to make the survey upon which the trial court predicated the boundaries. After the sale, by using the survey and pins established by Jones, Gillespie worked with Blackwell in erecting the fence that plaintiffs allege encroach upon their land. Seventeen years later, plaintiffs took title to their property from a successor of Gillespie.
The trial judge necessarily must have considered the fact that Blackwell and Gillespie were coterminous owners of all the land in question for more than ten years. Blackwell and Gillespie apparently recognized the fence as “the line” during that period of time, despite plaintiffs’ argument that the date on Blackwell’s deed was two days earlier than the date on the Jones survey and, hence, the deed should control. Evidence indicates, however, that Jones surveyed the property before Gillespie conveyed it to Blackwell.
Even assuming arguendo that Gillespie intended the deed to control the boundary line or that the Jones survey was inaccurate, the fence could still be recognized as the boundary line based on adverse possession. In Alabama, the rule of adverse possession is that “if a coterminous landowner holds actual possession of a disputed strip under a claim of right openly and exclusively for a continuous period of ten years, believing that he is holding to the true line, he thereby acquires title up to that line.” (Emphasis added.) Barnett v. Mills, 286 Ala. 681, 684, 246 So.2d 78, 80 (1971).
In summary, the trial judge specifically established the boundary line between *429 the tracts of land after hearing all the evidence ore tenus. The record reflects credible evidence supporting the trial court’s findings as to the location of the boundary. Thus, the trial court, will be affirmed unless there is a preponderance of the evidence illustrating that the judgment is clearly erroneous and manifestly unjust. McKnight v. Price Farms, Inc., Ala., 382 So.2d 560, 562 (1980). After review of the transcript, exhibits, and briefs of the parties, we do not find such overwhelming evidence. The judgment is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.