This appeal is from a final judgment establishing the true and correct boundary line between plaintiff's and defendants' land. We affirm.
This dispute arose when plaintiff, Mr. Rutland, had a survey made of a quarter-quarter section of land he had recently purchased. The survey revealed that the boundary line previously recognized as the line between the contiguous tracts of real estate owned by the plaintiff and defendants was not the actual boundary line indicated by their respective deeds of conveyance. Plaintiff filed suit to establish the boundary line as defined in the survey and deeds, and also to stop defendant, Georgia Kraft (lessee of the land in question) from encroaching on the land by cutting timber on it and building a road across it to remove the timber. The trial court, however, found the true and correct boundary line to be the line recognized by the landowners for over forty years.
The single dispositive issue presented by this appeal is whether the survey which undisputedly defined the boundary line according to the governmental subsectional lines should establish the boundary line between the lands of the parties to this cause, or whether there was sufficient possession by the defendants of the property in dispute to ripen into title by adverse possession.
At trial Mr. Walter Coleman, a licensed surveyor whose qualifications were accepted, testified that he surveyed the quarter-quarter section purchased by the plaintiff and that the true line of the quarter-quarter as defined by the government survey and the deeds and the markings which had been considered by the parties as the boundary differed greatly.
While it is true that government subsection lines remain fixed and cannot be relocated by acts or agreements of the parties, it is clear that a boundary line between adjacent landowners may be changed by agreement or by adverse possession. Whiddon v. White, 285 Ala. 109, 229 So.2d 498
(1969).
In Alabama the rule of adverse possession is that "if a coterminous landowner holds actual possession of a disputed strip under claim of right openly and exclusively for a continuous period of ten years, believing that he is holding to the true line, he thereby acquires title up to that line."Wills v. Blackwell, 386 So.2d 427 (1980) quoting Barnett v.Millis, 286 Ala. 681, 684, 246 So.2d 78, 80 (1971). Alabama law also has a restriction on adverse possession of woodlands, such as the property under dispute. In Smith v. Brown, 282 Ala. 528,535, 213 So.2d 374 (1968), the Court said, quoting Smith v.Cook, 220 Ala. 338, 124 So. 898 (1929):
 "If the land is woodland, there must ordinarily `be such a continuous and persistent cutting of timber or wood from the tract, as to be evidence of a claim of ownership, and an advertisement to the world that the party is occupying the entire tract' (Green v. Marlin, 219 Ala. 27, 121 So. 19, 22, and citations), or some other continuous acts of adverse possession (Montgomery v. Spears, 218 Ala. 160, 117 So. 753)." [Emphasis added.] *Page 838 
The trial judge specifically established the boundary line between the tracts after hearing the evidence ore tenus. The order of the trial court stated, "The Court further finds that the common boundaries between the Plaintiff and the Defendants have been accepted and recognized by their predecessors in title for over forty years and that the correct location of said lines [has] been undisputed until the Plaintiff acquired his land." Clearly the trial court considered the possession to be adverse and for the requisite statutory period. The record reflects reliable evidence to support the trial court's finding of adverse possession and of the location of the boundary line. Not only had the parties and their predecessors in title recognized the line urged by the defendants as the boundary for over forty years, but they had acted accordingly. The trial court is due to be affirmed unless there is a preponderance of the evidence showing the judgment to be clearly erroneous and manifestly unjust. Wills v. Blackwell, 386 So.2d 427 (1980). We do not find such a preponderance of evidence in this case.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.