RICHARD L. HOLMES, Retired Appellate Judge.
This case involves the issue of adverse possession in a boundary line dispute between coterminous landowners in Mobile County, Alabama.
In June 1994 Verlon Smith and his son-in-law, Aubrey Etheridge Cochran, filed a complaint against George L. Cherry, Jr., and Loretta S. Cherry, adjoining property owners. The complaint sought to have the trial court enjoin the Cherrys from taking any action that would alter or change the condition of two strips of disputed property. Thereafter, the Cherrys filed an answer and a counterclaim, wherein they sought to have the Cochrans ejected from the southern parcel of disputed property. .
On January 8, 1996, the trial court, after an ore tenus hearing, issued a final decree, wherein it determined that the Cherrys *1324 owned the two disputed parcels of property. Thereafter, Smith and Cochran filed a post-judgment motion, which was denied.
Smith and Cochran appeal. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
Our review of the record reveals the following pertinent facts: The properties presently owned by Smith and Cochran were once entirely owned by Smith. Smith acquired title to the properties in 1946. In 1958 Smith filed a bill of complaint in the Circuit Court of Mobile County to quiet title to his property. In 1964 the circuit court issued a decree in that action, which judicially established all the boundaries of the property then owned by Smith, including the same boundaries that are now in dispute.
In 1965 Smith hired Bedsole Surveying Company to survey his property. The surveyors placed iron pins in the ground to mark the common boundary on the west side of Smith’s property. This survey confirmed the findings defined in the 1964 judicial decree. In 1985 Smith conveyed the southern portion of his property to Cochran. It is undisputed that the 1985 deed did not purport to convey title to the strip of property now in dispute.
In 1993 the Cherrys purchased the adjoining property to the west of the properties owned by Smith and Cochran. An iron pin from the 1965 survey, which was placed in the ground to denote the common boundary, was still intact when the Cherrys purchased their property. The Cherrys hired Regan Land Surveying, Inc'., to survey their property and to confirm the boundaries of their property as described in their deed. The surveyor for Regan identified the common boundary as being the same one marked by the iron pin that was placed in the ground by the 1965 Bedsole survey. The result of this survey revealed that a house trailer, a ship’s cargo container, and a shed, all owned by Cochran, extended onto the Cherrys’ property-
We note that on appeal Smith does not dispute the judgment of the trial court as it relates to his northern boundary. Instead, both Smith and Cochran contend that Cochran acquired title to the southernmost parcel of disputed property through adverse possession. The dispositive issue on appeal is whether the findings of fact made by the trial court are supported by the evidence.
At the outset we note that it is well settled that when a trial court, after an ore tenus hearing, enters a judgment establishing the boundary line between coterminous landowners, that judgment is presumed correct if supported by credible evidence. Therefore, the judgment will not be disturbed on appeal unless it is clearly erroneous or obviously unjust. Valentine v. Ireland, 580 So.2d 581 (Ala.1991).
Furthermore, the presumption of correctness that attaches to the findings of fact made by the trial court after an ore tenus hearing is particularly strong in an adverse possession case. Lilly v. Palmer, 495 So .2d 522 (Ala.1986). The claimant in an adverse possession case must show by clear and convincing evidence that there was “actual, hostile, open, notorious, exclusive, and continuous” possession for the statutory period. Grooms v. Mitchell, 426 So.2d 820, 822 (Ala.1983).
The two types of adverse possession recognized in Alabama are statutory adverse possession and adverse possession by prescription. Both require the common elements of actual, hostile, open, notorious, exclusive, and continuous possession. However, statutory adverse possession under Ala. Code 1975, § 6-5-200, requires possession for only 10 years versus the 20-year period for prescriptive adverse possession. Sparks v. Byrd, 562 So.2d 211 (Ala.1990).
In a boundary line dispute between coterminous landowners, a claimant must show adverse possession for a ten-year period only. Johnson v. Brewington, 435 So.2d 64 (Ala.1983). Here, it is clear that Cochran acquired his property from Smith in 1985. Smith and Cochran filed their complaint in 1994. Thus, it is apparent that the ten-year statutory time period had not ripened before this suit was initiated.
We would also note that in a boundary line dispute between coterminous *1325 landowners, “tacking” is not permitted to prove adverse possession when the deed conveyed by the prior occupant to the adverse claimant does not purport to convey the land that the adverse claimant claims an interest in. Whiddon v. White, 285 Ala. 109, 229 So.2d 498 (1969). Smith testified that even though his deed to Cochran did not purport to convey title to the disputed strip of land, he nevertheless intended to convey title to it. However, we would note that proof of subjective intent alone is not enough to prove adverse possession. Lilly v. Palmer, 495 So.2d at 527. It is undisputed that neither Smith nor Cochran introduced any evidence of color of title to the disputed parcels of property.
Even assuming that tacking could be used in this case, the trial court could well have found that any alleged adverse possession by Smith or Cochran was not hostile or continuous. Mr. Cherry, along with the person he hired to construct a fence along the common boundary line, both testified that Smith showed them the iron pin and told them that it denoted the boundary line between his property and the Cherrys’ property. The trial court made mention of this testimony in its final order.
Both Smith and Cochran rely heavily on the fact that a fence was in existence on the southern portion of the property, which denoted the common boundary. However, Smith testified that the 1965 survey that Bedsole performed did not mention anything in regard to a fence being the established boundary line. Smith also testified that the Bedsole surveyors placed iron pins in the ground to denote the common boundary line.
We also note that Cochran’s three structures that were protruding onto the Cherrys’ property were not permanent structures and had been there only since 1985 and 1988 or 1989. This fact, in and of itself, precludes the issue of continuous possession for the statutory period.
We would also note that the trial judge gave great deference to the prior 1964 judicial decree that established the common boundaries for all the properties now owned by Smith and Cochran. The common boundary line that was judicially established by the 1964 decree was further supported by the two .surveys that were subsequently performed in 1965 and 1993.
In light of the above, we find that there was ample evidence to support the trial court’s findings that the disputed parcels of property were, in fact, owned by the Cher-rys. Consequently, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975.
AFFIRMED.
All the judges concur.